EMILY FORD, as Administratrix, etc., Respondent, *v.* THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY, Appellant.

While an employe, by entering into the employment, assumes and assents to the ordinary risks incident thereto, this does not release the employer from the duty to take reasonable precautions to insure the servant's safety while in the discharge of his duties, and when the latter is injured because of failure to perform this duty, the master is liable.

A corporation is bound to carry on its business under a proper system and under reasonable rules and regulations, and if, through a failure to establish such system or to make such rules, a servant is injured, the corporation is liable.

It is the duty of a railroad company, transporting lumber upon open cars, to adopt some system for loading, having regard for the safety of its servants, and, *it seems*, of those traveling over its road and of all persons who may be in the vicinity of such cars.

In an action to recover damages for the alleged negligent killing of F., plaintiff's intestate, who was a switchman in defendant's employ, it appeared that he was killed while at his post of duty by being struck by heavy timbers that fell from a passing open car which was improperly loaded. Defendant furnished good cars and stakes, but it had no rule, method or system in reference to the loading of lumber or timber; the manner of loading being left to the discretion of its employes. It had adopted a general rule requiring its employes "to attend to the loading of all freight, whether loaded by station men or by shippers, to see that it is safely stored, and so that it cannot fall off the cars." Plaintiff proved that on other roads a verbal rule existed requiring that in all

cases, no matter how short the distance, lumber, whenever loaded above the sides of a car, should be secured by stakes on the sides and stays over the top. *Held*, that the evidence justified the submission to the jury of the question as to whether defendant had made a proper and sufficient rule with respect to the loading of cars with lumber; and that a finding in the negative was sufficient to sustain a verdict against it.

*Ford* v. *L. S. & M. S. R. Co.* (117 N. Y. 638), distinguished.

(Argued March 2, 1891; decided March 17, 1891.)

APPEAL from judgment of the General Term of the Superior Court of the city of Buffalo, entered upon an order made December 31, 1890, which affirmed a judgment in favor of plaintiff, entered upon a verdict directed by the court upon special findings of fact, and affirmed an order denying a motion for a new trial.

This action was brought to recover damages for negligently causing the death of the plaintiff's husband, a switchman in the employ of the defendant.

On the night of May 29, 1887, while at his post of duty he was struck by heavy timbers which fell from a passing car and received injuries from which he soon after died.

The case has been once before in this court (117 N. Y. 638; 27 N. Y. S. R. 246), and the material facts are very fully stated in the opinion of Judge EARL there delivered.

The further facts, so far as material to the questions here discussed, are stated in the opinion.

*James Fraser Gluck* for appellant. There was no evidence of incompetency to submit to the jury. A single act of negligence does not of itself establish incompetency. (*Baulec* v. *N. Y., etc., R. R. Co.*, 59 N. Y. 356; 2 Thompson on Neg. 1053, 1054; *Cooper* v. *Milwaukee R. R. Co.*, 23 Wis. 668; *Davis* v. *D. R. Co.*, 20 Mich. 105; *C., etc., R. Co.* v. *Hoffman*, 17 Am. & Eng. R. R. Cas. 625; *Slater* v. *Jewett*, 85 N. Y. 73; *Wright* v. *N. Y. C. R. R. Co.*, 25 id. 562, 570.) The defendant provided, made and promulgated a proper and sufficient rule with respect to the loading of the cars with lumber, including the car from which the lumber fell, which, if faithfully observed, would have given reasonable protection

to its employes. (*Wright* v. *N. Y. C. R. R. Co.*, 25 N. Y. 562.) The question submitted by the court to the jury assumed that a rule was provided and submitted as a question of fact whether the rule of the defendant was proper and sufficient, and whether such rule had been promulgated as a question of fact. This was error. (*Wright* v. *N. Y. C. R. R. Co.*, 25 N. Y. 562; *Rose* v. *B. & A. R. R. Co.*, 58 id. 217; *Slater* v. *Jewett*, 85 id. 61; *Abel* v. *D. & H. C. Co.*, 103 id. 581; *Avery* v. *N. Y. C. & H. R. R. R. Co.*, 121 id. 44, 55; *Groat* v. *Gile*, 51 id. 431.) Having made rules, it was not part of the master's duty to attend to the obedience of the regulations. (*Slater* v. *Jewett*, 85 N. Y. 72; *Rose* v. *B. & A. R. R. Co.*, 58 id. 217.) The exception to the refusal of the court to have Mr. Seabert's testimony in regard to the usage upon the witness's road stricken from the case was valid. Proof of such usage did not establish or tend to establish the making or promulgation of a rule in any sense of the word. The testimony was utterly incompetent for any such purpose, and should have been, therefore, excluded from the case. (*Abel* v. *D. & H. C. Co.*, 103 N. Y. 581.)

*Tracy C. Becker* for respondent. The defendant did not provide, make and promulgate a proper and sufficient rule with respect to the loading of the cars with lumber, including the car from which the lumber fell, which, if faithfully observed, would have given protection to its employes. (*Skinner* v. *Russell*, 25 Wkly. Dig. 261; 42 Hun, 456; *Bushby* v. *N. Y., L. E. & W. R. R. Co.*, 107 N. Y. 383; *Abel* v. *D. & H. C. Co.*, 103 id. 581; *Anthony* v. *Lareat*, 105 id. 591; *McGovern* v. *R. R. Co.*, 123 id. 281.) The evidence of the witnesses Seabert and Brunn in regard to the rules and regulations of other railroads was admissible, and its reception proper. (*Abel* v. *R. R. Co.*, 103 N. Y. 586; *Spooner* v. *D., L. & W. R. R. Co.*, 115 id. 32; *Lewis* v. *Seifert*, 116 Penn. St. 628, 650; *Danna* v. *N. Y. C. R. R. Co.*, 92 N. Y. 639; *Kemble* v. *N. Y. C. R. R. Co.*, 35 Hun, 506, 507; 1 Wkly. Dig. 545, *Skinner* v. *Russell*, 25 id. 261; 42 Hun, 456.) Defendant's

rules and alleged usages were so blind and uncertain that the jury were warranted in finding they were insufficient. (*Skinner* v. *Russell*, 25 Wkly. Dig. 261; 42 Hun, 456.)

Brown, J. Upon the first appeal of this case the judgment which the plaintiff had recovered was reversed by this court on the ground that the cause of the accident was attributable solely to the negligence of the fellow servants of the deceased in improperly loading the lumber upon the cars.

There was then no question whether the defendant was guilty of negligence in failing to establish a proper rule or method for the loading of lumber.

The court on the first trial charged the jury that there was no evidence that the defendant was called upon to establish any system of rules which should provide for any different or safer method in the loading of the lumber than that described by the witnesses, and as the plaintiff had a verdict, no question was or could be raised on appeal as to the correctness of that charge.

Upon the last trial it appeared that the only written rule that the defendant had established which it was claimed had reference to the loading of lumber was one known as No. 82, and which required its employes " to attend to the loading of all freight, whether loaded by station men or by shippers, to see that it is safely stored, and so that it cannot fall off the cars."

It appeared that the defendant had also furnished to its employes stakes to be used in making secure freight placed upon flat or gondola cars, and the witnesses for the defendant, who had loaded or inspected the cars in question, testified that they knew that stakes were necessary in making the lumber secure, and that when there were no brackets on the side of the cars, as in this case, the stakes could be placed inside the box between the side of the car and the lumber, and fastened by being nailed or spiked to the side. But that course was not pursued in this case, for the reason that on account of the short distance the lumber was to be carried it was not deemed necessary.

The plaintiff also gave proof tending to show that on other roads a verbal rule existed, that in loading lumber it should be secured by stakes on the sides and stays across the top of the load whenever it was loaded above the side of a car, and that the rule applied in all cases, no matter what the distance was over which the lumber was to be carried.

That no verbal rule of this character prevailed on defendant's road, and no instruction to that effect was ever given to its employes. This testimony was not given upon the first trial.

At the close of the evidence the trial court submitted eight special questions to the jury, stating that upon the answers to those questions it would determine which party would be entitled to judgment.

Upon the special findings thus made judgment was directed for the plaintiff.

This mode of submitting the case to the jury was acquiesced in by both parties, but the defendant claimed and now claims that there was not evidence sufficient to justify a verdict for the plaintiff, and that the complaint should have been dismissed, and by appropriate exceptions the question is presented here whether the findings of the jury have support in the evidence.

That the car in question was improperly loaded and that such was the cause of the intestate's death, and that he was free from any negligence contributing to the injury, are facts found by the answers to the first three questions and are not disputed on this appeal.

The seventh and eighth findings related to the question of plaintiff's damages and the amount. The fifth question was as follows: "Did the defendant provide, make and promulgate a proper and sufficient rule with respect to the loading of the cars with lumber, including the car from which the lumber fell, which if faithfully observed, would have given reasonable protection to its employes." Which question the jury answered in the negative.

We are of the opinion that the answer to this question supports the judgment rendered.

The intestate, upon entering the defendant's employ, assumed and assented to the ordinary risks incident to the service. But employers cannot avail themselves of this assent unless they take reasonable precautions to insure the servant's safety while in the performance of his duties, and there can be no exemption from liability for injuries sustained by a servant, when such injuries are traced to the employer's failure to take such precautions.

Within the operation of this principle a corporation is bound to carry on its business under a proper system and under reasonable rules and regulations, and if through a failure to establish such, a servant is injured, the corporation is liable.

The master is responsible for his own negligence and want of care and this may appear from his failure to furnish proper machinery and materials for the work, or from the employment of incompetent and unfit servants and agents, or from a failure to make proper rules or establish a proper method for the conduct of his business.

These are the master's duties, and responsibility cannot be evaded by their delegation to agents. As to such acts, the agent occupies the master's place and the latter is deemed present and liable for the manner in which they are performed. (*Flike* v. *B. & A. R. R. Co.*, 53 N. Y. 549 ; *Fuller* v. *Jewett*, 80 id. 46.)

In the case before us it was clearly the duty of the defendant to adopt some system for the loading of lumber upon open cars that would have regard for the safety not only of its servants and those traveling over its road, but to the safety of all persons who should be in the vicinity of its cars. The importance and extent of the business and the manifest danger from the falling of heavy sticks of timber from the cars, required this.

But there was no rule on the subject. The only rule shown to exist had no particular reference to lumber more than any other freight and it expressed nothing more than the obligation which the law put upon the corporation, viz.: to take due care that freight was safely loaded and should not fall from the car.

But method or system as to loading lumber, there was none. Having furnished a good car and stakes that might be used, the manner of loading lumber was left to the judgment and discretion of its agents and servants.

It was not sufficient for the defendant to show that its employes knew that the rule I have quoted applied to lumber and also knew that the general usage required it to be staked and that stakes were furnished and available to the men in the particular case before us. All this may be assumed to be true and yet the fact exists that the use of the stakes was not enjoined upon the servants by any rule of the defendant or by any instruction ever given them. Having furnished the car and the stakes it was left to the judgment and discretion of the foreman whether to use the stakes or not, and in this particular instance they were not used for the reason that they supposed the lumber would stay on the car over the short distance it was to be carried. And it is because of the failure of the defendant to require the use of the stakes in all cases that the neglect of its servants in this case is imputed to it. There was no rule, and the only method or system was such as the foreman in each particular case should deem the safe and proper one to pursue.

Under such a state of facts the employer must be deemed constructively present during the loading of the cars, and the acts of his agents are in law deemed to be his acts.

The improper and negligent loading of the cars is thus traced directly to the defendant and its negligence established.

Thus far I have treated the construction of rule 82 as a question of law, but in the question submitted to the jury there was opportunity for a finding of fact that the making of that rule was a sufficient performance on the part of defendant of its duties towards its servants, and it is unnecessary to say more upon the exception of the defendant to the submission of that question as one of fact to the jury, than that it was a ruling as favorable towards it as the facts of the case warranted.

The view of the case herein expressed renders unnecessary

any reference to the other findings of the jury, which the respondent claims established the negligence of the defendant.

We find no error in the record and the judgment should be affirmed.

All concur, except Follett, Ch. J., dissenting.

Judgment affirmed.