## MULVANEY v. BROOKLYN CITY R. CO.

(City Court of Brooklyn, General Term.   December 27, 1892.)

1. MASTER AND SERVANT—NEGLIGENCE—CONSTRUCTION OF ROADBED.

A railroad company is guilty of negligence in laying its tracks so close together that trains cannot pass each other safely in rounding a curve; and a brakeman who, while endeavoring to force an intoxicated passenger off a car step and into the car, is knocked off the step by a train moving in the opposite direction rounding the same curve, may recover from the company for his injuries.

2. SAME—FAILURE TO PRESCRIBE RULES.

Failure of the company to prescribe rules prohibiting trains from passing each other on this curve, or ordering them to slacken speed while so doing,

and forbidding persons to stand on the steps while the train is rounding the curve, is also negligence, rendering the company liable to the brakeman.

**3. SAME—CONTRIBUTORY NEGLIGENCE.**

The brakeman, who was ignorant and uninformed of the dangers from passing trains on this curve arising from the condition of the tracks and roadbed, was not guilty of contributory negligence, as matter of law, in being on the car step, in obedience to orders of his superiors to keep passengers off.

**4. SAME—NEGLIGENCE OF FELLOW SERVANT.**

The negligence of the engineer will not defeat the brakeman's right of recovery, provided the injury was caused by the company's failure to use such care as duty to its employes demanded.

Appeal from trial term.

Action by James F. Mulvaney against the Brooklyn City Railroad Company for personal injuries, sustained while in its employ. From a judgment entered on a verdict in plaintiff's favor, and from an order denying its motion for a new trial, defendant appeals. Affirmed.

Argued before VAN WYCK and OSBORNE, JJ.

Morris & Whitehouse, for appellant.

Johnson & Lamb, for respondent.

VAN WYCK, J. The plaintiff, a brakeman on one of defendant's trains, recovered a verdict against the defendant for injuries claimed to have been inflicted solely through the negligence of defendant. From judgment entered thereupon, and from order denying motion for a new trial, this appeal is taken. The appellant's counsel argued this appeal solely upon the ground that a nonsuit should have been granted, insisting that there was no negligence on the part of defendant; that it was one of the risks assumed by plaintiff; and that plaintiff was chargeable with contributory negligence. There is testimony in the case from which it can be fairly inferred that plaintiff, while engaged in the performance of the duties imposed upon him by the orders of defendant, was upon the side step of one of the open cars of the train drawn by a steam engine around a curve at Sixty-Seventh street, when the train moving in the opposite direction rounded the same curve, knocked plaintiff off his train, and thus caused the injuries complained of; that the tracks were improperly laid, in that they were too close for trains to pass safely; that the outer rail of the curve was not raised, and that the curve was made of straight rails, and not curved rails; that it was not safe for trains to pass each other on this curve at the usual speed, or at all; that plaintiff never saw trains passing each other on this curve but twice; that he had been ordered by defendant to keep passengers off the step next to the other track, and, when he was knocked off, he was on the step for the purpose of forcing an intoxicated passenger to get off this step and into the car. It seems to us that these facts, unexplained, would warrant a jury in finding defendant chargeable with negligence; for "a railroad corporation, for the safety of its * * * employes, is bound to use suitable care and skill in furnishing, not only adequate engines and cars, but also a safe and proper track and roadbed." Donnegan v. Erhardt, 119 N. Y. 468, 23 N. E. Rep. 1051.

Then, again, there seem to have been no rules for, and instructions to, those in charge of trains that trains should not pass each other upon this

curve at all, or, if they did, that they should slacken the speed, or that all persons must keep off the steps while rounding this curve. "A railroad company is bound to guard its employes against the negligence of coemployes, so far as it can, by the enactment and promulgation of reasonable rules in the management of its business." Abel v. Canal Co., 128 N. Y. 662, 28 N. E. Rep. 663; Sheehan v. Railroad Co., 91 N. Y. 334. Such a company "is bound to carry on its business under a proper and reasonable system or regulations; * * * and if, through any defect therein, an injury occurs to the servant, the corporation will be liable." Dana v. Railroad Co., 92 N. Y. 640; Ford v. Railway Co., 124 N. Y. 493, 26 N. E. Rep. 1101. The defendant took no steps to make this track and roadbed reasonably safe and proper, or to instruct the employes of the dangers thereof, or to regulate the passing of trains at this dangerous point. It can hardly be claimed that plaintiff was guilty of contributory negligence, as a matter of law, in being upon this step, in obedience to orders of his superiors to put passengers off this step, when he was ignorant and uninformed of the dangers from a passing train on this curve by virtue of the condition of this track and roadbed. If the engineer was negligent, it is well settled that such negligence would not defeat plaintiff's right of recovery, provided the injury was caused by the failure of defendant to use such care as duty to its employes demanded. Abel v. Canal Co., 126 N. Y. 662, 28 N. E. Rep. 663. We are of the opinion that the motion for nonsuit was properly denied, and do not think, on examination of the evidence, that the verdict should be set aside.

Judgment and order must be affirmed, with costs.