### CORCORAN v. NEW YORK, N. H. & H. R. CO.

(Supreme Court, Appellate Division, Second Department. December 19, 1899.)

RAILROADS—INJURIES TO YARDMAN—FELLOW SERVANTS.

 A yardman and an engineer and brakeman are fellow servants, so that the former cannot recover of the railroad company for injuries caused by the latter's negligence.

Appeal from trial term, Dutchess county.

Action by James E. Corcoran against the New York, New Haven & Hartford Railroad Company. From a judgment for plaintiff, and an order denying a motion for new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, HATCH, and WOODWARD, JJ.

Walter C. Anthony, for appellant.
Graham Witschief, for respondent.

CULLEN, J. The action is for personal injuries. The plaintiff was a yardman in the defendant's employ, and, while occupied in sweeping snow from the tracks in its yard, was struck by two freight cars which had been "kicked" by the engine engaged in the distribu-

tion of the cars in the yard. The plaintiff testified that he was keeping a sharp lookout for the movement of the cars, and that these two cars came down on him without warning. The brakeman on the cars testified that he called to the plaintiff as the cars approached, so as to warn him of that fact, and similar evidence was given by another yardman. A train was moving at the time on another track, making a noise which may have prevented the plaintiff from hearing the warning given. This is substantially the whole evidence in the case. The defendant's motion for a nonsuit was denied. The learned trial court instructed the jury that it was the duty of the defendant to give the plaintiff proper warning of the approach of the cars, and that, if no such warning was given, the defendant was liable.

It is doubtless true that it was the duty of the defendant to carry on its business, so far as practicable, with due regard to the safety of its employés. It may be that it should have provided that warning of the approach of the cars be given to the yardman, though we are inclined to believe that this latter is rather a question of fact than of law; but the defendant was not liable to the plaintiff for the negligence of the engineer or brakeman, who were the plaintiff's fellow servants. The fault of the defendant, if any, in this case, would arise from its failure to promulgate proper rules for the management and conduct of the movement of cars, and its failure to direct that proper warnings be given. This was the duty it owed to the plaintiff, and for failure to discharge it the defendant would be liable; but the plaintiff assumed, as a risk of his employment, the negligence of his co-servants. The trouble in this case is that there is not a particle of evidence to show that the defendant was wanting on its part in the respects indicated; and, on the record before us, the negligence, if such there was, was solely that of fellow servants. The learned counsel for the respondent relies largely on the case of Ford v. Railway Co., 124 N. Y. 493, 26 N. E. 1101, 12 L. R. A. 454. The very clear opinion written by Judge Brown reveals the exact defect in the plaintiff's case. There the plaintiff, a switchman, was injured by a stick of timber falling from a passing car. On the first trial (117 N. Y. 638, 22 N. E. 946) it was held that the accident was due to the negligence of the fellow servants who loaded the car, and the judgment for the plaintiff was reversed. On the second trial evidence was given tending to show that the railroad company had not made adequate or sufficient rules as to the manner in which cars should be loaded with timber. Judge Brown's opinion for affirmance proceeds on the ground that the defendant was liable, not for the mere carelessness of the trainmen in loading the timber, but for a failure to establish proper rules for the conduct of the work.

The judgment should be reversed, and a new trial granted; costs to abide the event. All concur.