But one question of law is presented by this appeal that requires consideration here. The act of negligence charged against the defendant is that of a failure to make, promulgate and enforce reasonable and proper rules for the protection of its car inspectors while they were engaged in the discharge of their duties. The company had established a rule, which was printed in its book of rules, known as the blue light and blue flag rule, the flag being used by day and the light by night, by posting one upon the engine and the other upon the rear of the train for the purpose of warning persons that inspectors were engaged upon the train. It was conceded, however, that this rule was not enforced in the station at Syracuse; but instead thereof, the defendant's foreman, Beatty, in charge of the inspectors at that station, testified that he had established a rule to the effect that notice should be given to the engineer or person in charge of the engine attached to the train and to any other person present having charge of the train, if it was necessary for the inspectors to go underneath the cars, and at the same time to post a man to watch and give them notice of the approach of danger. This rule he says was communicated orally to all of the inspectors, including the deceased, with whom the foreman was well acquainted and a friend, and whom the foreman had warned on a number of occasions to protect himself by conforming to the rule when he went under trains. The question as to whether this rule was in fact made by the foreman and communicated to the inspectors was properly submitted to the jury. The jurors were then instructed that, in case they found such a rule was in fact *Page 12 
made and promulgated, then they were to determine "whether or not it was a reasonable and proper rule, such a rule as the defendant in the exercise of ordinary care for the purpose of reasonable protection of its employees should have made." To this charge an exception was taken by the defendant.
It will thus be seen that the jury was permitted to find that the rule was not reasonable or proper, and, therefore, the defendant was liable although the rule had in fact been made and promulgated. I think this was erroneous. The question as to whether a rule is reasonable and proper is a question of law for the court and not for the jury. If it was a question for the jury, one panel might find the rule to be reasonable and proper and the next panel might upon the next day find the rule to be unreasonable and improper. This will not do. The defendant had the right to have the court determine whether or not the rule was reasonable and proper and not the jury.
This question was first considered in this court in the case ofVedder v. Fellows (20 N.Y. 126). STRONG, J., in delivering the opinion of the court, after stating that the reasonableness of a rule was a question of law for the court rather than one of fact for the jury, gave his reasons, therefor, as follows: "Ordinarily, jurors are not aware, nor can they readily be made aware, of all the reasons calling for the rule. They are apt to listen readily to any allegation of injuries on railways. What one jury might deem an inconvenient rule another might approve as judicious and proper. There would be no uniformity. Ordinarily, the managers of railways are much better qualified than jurors to ascertain and weigh the exigencies which call for any rule, and if it should be productive of some inconvenience, to compare that with the evil to be prevented or the good to be produced by its adoption. If the question should be deemed one of law there would be eventual uniformity, as any diversity of sentiment in the courts below would be finally harmonized in the court of denier resort."
In the case of Avery v. N.Y.C. H.R.R.R. Co. (121 N.Y. 31,44), Judge GRAY, in speaking for the court, says: "The question of the reasonableness of such regulation was *Page 13 
one of law and not one for the jury to pass upon," citing the case of Vedder v. Fellows. (See, also, 3 Thompson on Negligence [2d ed.], § 3107, and cases there cited.)
Of course, in cases where the facts with reference to the nature and contents of the rule are not clearly established, or are to be determined from controverted facts, the question must be submitted to the jury as to what the rule promulgated was, under proper instructions from the court as to what is necessary to constitute a reasonable and proper rule. (Sullivan v. N Y R. Cement Co., 119 N.Y. 348, 355; Abel v. D. H. CanalCo., 103 N.Y. 581; S.C., 128 N.Y. 662; Ford v. L.S. M.S.Ry. Co., 124 N.Y. 493.)
In this case, as we have seen, the court submitted to the jury the question as to whether the rule testified to by the witness Beatty was, in fact, made. There was no controversy with reference to the terms or contents of the rule. There, consequently, was no other question of fact to submit to the jury in reference thereto.
It is now contended that the situation at this depot was complicated, in view of the fact that there were numerous tracks and trains; that the rule was verbal and that the inspectors would be subjected to delay in finding a person to act as a watchman while they were under the cars, and that the temptation to take a momentary risk rather than to comply with the rule was so great as to render the sufficiency of the rule a question for the jury. I cannot indorse this reasoning. A verbal rule is as good as a printed rule, if it is thoroughly and well understood. It appears that the decedent had been often instructed with reference to this rule, and had been frequently charged to protect himself in accordance with its requirements. It appears to be conceded that the blue flag and the blue light rule was a sufficient and proper one, had it been enforced in this depot; and yet there would have been the same complications with reference to the number of tracks and trains to be looked after, under an enforcement of that rule. In case the inspectors found it necessary to go underneath a train, the same inconvenience *Page 14 
would follow as that of procuring a man to stand on watch. They would have to procure flags or lamps, perhaps from the farther end of the depot, where the lamps were kept, and place them upon the train before doing their work. This might induce a similar temptation, to take a momentary risk rather than to subject themselves to the trouble of hunting up and procuring a lamp. It appears to me that the rule, as testified to by Beatty, was a reasonable and proper rule, and that, had it been adhered to by the decedent, he would not have been injured. A blue light or a blue flag might escape observation by trainmen intently occupied in the discharge of their own duties, but if the persons in charge of the train had been notified that inspectors were working underneath the cars, and at the same time a person had been placed on guard to watch and warn as to approaching danger, it certainly would have proved as effective in shielding the inspectors from danger as the blue flag or the blue light rule.
The reversal of the judgment entered upon the verdict of the jury in this case was made upon questions of law only, the Appellate Division certifying that it had examined the facts "and found no error therein." At the end of the order appear the words, "All concur." A question has arisen as to whether, by this form of certificate, the Appellate Division intended to unanimously affirm the facts as found by the verdict, so as to prohibit this court from a review of the question as to whether there was any evidence to sustain the verdict, but that question does not arise in this case and it is not, therefore, necessary to now determine it; for, unquestionably, the certificate is sufficient to authorize this court to examine and determine the other questions of law involved in the case.
The order of the Appellate Division should be affirmed and judgment absolute ordered in favor of the defendant, with costs, upon the stipulation.
BARTLETT, MARTIN and WERNER, JJ., concur with VANN, J.; PARKER, Ch. J., concurs with HAIGHT, J.; GRAY, J., not sitting.
Order reversed, etc. *Page 15