MAX F. UTESS, Respondent, v. ERIE RAILROAD COMPANY, Appellant.

Negligence — railroads — switchman injured by fall of coal from locomotive tender — evidence examined and held that there are no facts warranting a finding that the defendant was liable.

1. While the provisions of section 42a of the Railroad Law (Laws 1906, ch. 657) are remedial, they are an innovation upon the common law, and should not be applied to cases not plainly within the legislative intent, but, when applicable, should have a construction liberal and commensurate with their purpose.

2. Plaintiff, a switchman in the yard of the defendant, was injured without negligence on his part, through being struck by a piece of coal which fell from the locomotive tender of a passenger train he had signaled as it passed him. The action was at common law. The trial justice based the liability, if any, on section 42a of the Railroad Law and held that if the jury found that the tender was loaded with coal in such a manner that pieces of coal were in danger of falling from it when the locomotive was operated, and the engineer having control of the engine moving the tender and train knew or ought to have known that it was so loaded and then proceeded to operate it in a manner so that the coal fell and struck the plaintiff, the defendant was liable. *Held*, that the evidence did not present to the jury any proof or fact warranting a finding that the engineer knew or ought to have known that the coal was in danger of falling upon the plaintiff, and the trial justice should have granted the defendant's motion for a nonsuit.

*Utess* v. *Erie R. R. Co.*, 138 App. Div. 914, reversed.

(Argued November 27, 1911; decided February 2, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 4, 1910, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Adelbert Moot, William L. Marcy* and *Helen Z. M. Rodgers* for appellant. The trial court erred in permitting the plaintiff to recover upon a cause of action not pleaded in the complaint. (*Schradin* v. *N. Y. C. & H.*

*R. R. R. Co.*, 124 App. Div. 705; *P., C., C. & S. L. Ry. Co.* v. *Rogers*, 87 N. E. Rep. 28; *Bertolami* v. *U. E. & C. Co.*, 125 App. Div. 584; *Gmaehle* v. *Rosenberg*, 178 N. Y. 147; *Finnegan* v. *N. Y. C. Co.*, 194 N. Y. 244; *Harris* v. *B. M. & E. Works*, 188 N. Y. 141; *Southwick* v. *F. Nat. Bank*, 84 N. Y. 429.) The Barnes Act has no application to the facts presented by this case, and the court submitted the case to the jury upon an erroneous theory. (*Perry* v. *O. C. R. R. Co.*, 164 Mass. 396; *Gibbs* v. *G. W. Ry. Co.*, L. R. [12 Q. B.] 22; *Thyng* v. *F. R. R. Co.*, 156 Mass. 13; *Bailey* v. *D. & H. C. Co.*, 27 App. Div. 305.) There was no evidence that the tender was negligently loaded. (*McConnell* v. *N. Y. C. & H. R. R. R. Co.*, 63 App. Div. 545; *Schultz* v. *Ry. Co.*, 67 Wis. 616; *Johnson* v. *N. Y. C. & H. R. R. R. Co.*; 173 N. Y. 79.)

*P. Chamberlain* for respondent. This cause was properly submitted to the jury under the provisions of chapter 657 of the Laws of 1906, because the engineer was the master for the time being, and whether he was negligent in moving this overloaded tender was a question of fact for the jury. (*Schradin* v. *N. Y. C. & H. R. R. R. Co.*, 124 App. Div. 705; 194 N. Y. 534; *Brown* v. *N. Y. C. & H. R. R. R. Co.*, 126 App. Div. 240; 196 N. Y. 542; *Laplaca* v. *L. S. & M. S. R. R. Co.*, 127 App. Div. 843; *Harris* v. *B. M. & E. Co.*, 112 App. Div. 389.) The defendant is liable for the injury to plaintiff under the common law. (*Bushby* v. *N. Y., L. E. & W. R. R. Co.*, 107 N. Y. 374; *Ford* v. *L. S. & M. S. R. Co.*, 124 N. Y. 493; *Flike* v. *B. & A. R. R. Co.*, 53 N. Y. 549; *Fuller* v. *Jewett*, 80 N. Y. 46; *Dougherty* v. *R., W. & O. R. R. Co.*, 45 N. Y. S. R. 154; 138 N. Y. 641; *Donnegan* v. *Erhardt*, 119 N. Y. 468; *Miller* v. *N. Y. C. & H. R. R. R. Co.*, 20 Hun, 92.)

COLLIN, J. The action is by an employee against employer to recover damages for personal injuries. The

plaintiff was a switchman in the yard of the defendant at Rochester, New York. He was injured, as the verdict of the jury established, November 3, 1906, without negligence on his part, through being struck by a piece of coal which fell from the locomotive tender of the passenger train he had signaled, as it passed him. The action was at common law, and the trial justice based the liability of the defendant, if any, upon certain of the provisions of section 42a of the Railroad Law (L. 1906, ch. 657) — the Barnes Act, so called. Those provisions are: " In all actions against a railroad corporation * * * for personal injury to * * * any person while in the employment of such corporation * * * arising from the negligence of such corporation * * * or of any of its or his officers or employees, every employee * * * shall have the same rights and remedies for an injury, * * * suffered by him, from the act or omission of such corporation * * * or of its or his officers or employees, as are now allowed by law, and * * * it shall be held in such actions that persons engaged in the service of any railroad corporation * * * who * * * have, as a part of their duty, for the time being, physical control or direction of the movement of a signal, switch, locomotive engine, car, train or telegraph office, are vice-principals of such corporation * * *, and are not fellow-servants of such injured * * * employee." The trial justice held, under the exceptions of the defendant, that if the jury found that the tender was loaded with coal in such a manner that pieces of coal were in danger of falling from it when the locomotive was operated, and the engineer having control of the engine moving the tender and train knew or ought to have known that it was so loaded and then proceeded to operate it in a manner so that the coal fell and struck the plaintiff, the defendant was liable.

Inasmuch as the Appellate Division did not unanimously render its judgment, we must determine from

studying it whether the evidence supports the verdict. (*Cowley* v. *Fabien*, 204 N. Y. ——.) It permitted the jury to find, as the facts, bearing upon the negligence of the engineer, most favorable to the plaintiff: The locomotive tender was loaded with coal, at the city of Corning, distant from Rochester ninety-six miles, to its full capacity of about ten tons, and thereafter delivered, with the locomotive engine, to the engineer and fireman. During the passage from Corning to Rochester about five tons of the coal were consumed and the fireman three times mounted the coal and shoveled parts of it to the front of the tender and near to the fire box. The engineer could see, from his place of duty in the cab of the engine, the condition of the top of the tender. The plaintiff first signaled the train, when it was distant from him about one thousand feet, to stop, and the engineer answered and slowed up the train. He next signaled, when it was distant from him about two hundred feet, to go slowly ahead, and the engineer answered and obeyed. Pieces of coal were, at that time, on the coal boards, which extended upwards from the flange running around and above the top of the tender. He next gave the cross-over signal, when the engine was about thirty feet from him, and the engineer nodded his head and opened the throttle. He at this time noticed for the first time chunks of coal falling from the tender. He turned to dodge the coal but was struck. Ten or twenty seconds elapsed between his first signal and his injury. It lacks totally proof defining or bounding the scope of the duties of the engineer or that he had actual knowledge that the coal was so loaded or placed as to be in danger of falling from the tender or that any rule of the defendant or any custom in railroading obligated him to be aware of the location or condition of the coal within it or that the rate of speed or the management of the engine was unusual, unreasonable or unsuited to the place.

Under these facts the legal and proper inquiry is did

they charge the engineer with the knowledge that the coal was in danger of falling upon the plaintiff when and as he caused the tender to pass him. The statutory provisions above quoted in declaring the rule that in actions of the character of this the engineer in controlling the movements of the engine was the vice-principal of the defendant make the acts of the engineer in controlling those movements the acts of the defendant, and if he had or by the facts was chargeable with knowledge of the defect or condition of the coal and the danger from it to the plaintiff and failed to use ordinary and reasonable care in operating the engine to avoid the injury the defendant became liable. The engineer did not have actual knowledge of such condition and was not chargeable with inferential knowledge thereof, unless his duty of controlling the movements of the engine included that of directing those who loaded the tender and the fireman, throughout the trip, in his disposition of the coal and the implements which he used in his work, or of inspecting the results of the acts of those employees in those labors. Manifestly, he could not be charged with a knowledge, which he did not have, unless, being responsible in some degree of care for a safe condition, he was in duty bound to acquire it. If it was not a duty of his position to inspect and watch the tender, his failure to do so would not be negligence. Those statutory provisions do not or do not purport to enlarge or affect the duties of the employees designated in them. Their manifest purpose was to enlarge the remedy, given by the law to employees engaged in the hazardous business of operating railroads, by withdrawing from their owners the common-law defense of a common employment between the injured and the designated employees. While they are remedial, they are an innovation upon the common law, and should not be applied to cases not plainly within the legislative intent, but, when applicable, should have a construction liberal and commensurate with their purpose.

The record presents no evidence sufficient to justify a finding that the engineer was obligated by his employment or position to acquire or have knowledge of the condition of the coal within the tender. He did not create the dangerous condition, through a negligent operation of the engine. As already stated, the record is devoid of evidence descriptive of his duties. We are, as the jury were, to determine the duties inherent in his position as engineer, from those relevant facts which are of common or universal knowledge and of which the courts may take judicial notice. A locomotive engineer upon a passenger train is obligated, in his relation to the passengers, to use the highest degree of care and vigilance in discovering, and avoiding accidents from, any defects or irregularities in or obstructions upon the tracks, switches, sidings, or their borders, in maintaining the engine, in all of its parts, in a sound and efficient condition, in receiving and complying with all signals and in operating and controlling the movements of the engine without injury to them. Universal thought and common experience attribute those duties to the employment. They require an alert and assiduous watchfulness of and absorption in the machinery of the engine and in all that is ahead. The performance of those duties does not require, and may be inconsistent with, any responsibility for the safe and harmless condition of the tender or that part of the train behind the engine. The evidence did not present to the jury any proof or fact warranting a finding that the engineer knew or ought to have known that the coal was in danger of falling upon the plaintiff, and the trial justice should have granted the defendant's motion for a nonsuit.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

CULLEN, Ch. J., GRAY, HAIGHT, HISCOCK and CHASE, JJ., concur; VANN, J., not sitting.

Judgment reversed, etc.