Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of CLIFFORD IDE, Respondent, for Compensation under the Workmen's Compensation Law, against FAUL & TIMMINS, Employer, and UNITED STATES CASUALTY COMPANY, Insurance Carrier, Appellants.

Third Department, September 13, 1917.

**Workmen's Compensation Law — injury resulting in partial disability through loss of a portion of bone from finger tips — when award for permanent disability unauthorized — erroneous award based on probable earning of infant when he shall reach majority — injury to infant under sixteen years of age employed.in violation of Labor Law — illegal employment no defense to employer or insurance carrier.**

Where it clearly appears that an employee who was injured while stamping sheet metal lost only one-fourth of an inch of the bone of an index finger and one-eighth of an inch of the bone of a second finger and the fingers had practically the normal fleshy projections at their ends, it was error for the Industrial Commission to make an award based on a permanent partial disability. The disability was only partial and the award should have been sixty-six and two-thirds per centum of the difference between the claimant's average weekly wage and his wage earning capacity during the continuance of the partial disability.

Where the claimant at the time of his injuries was about fourteen years of age and the disability was only partial, it was error for the Industrial Commission to base an award upon the probable increased compensation of the claimant when he shall arrive at his majority. Had the disability been permanent a different question would be presented.

Where the carrier's contract of insurance required it to pay, in the manner
provided by the Workmen's Compensation Law and all amendments
thereto, all obligations for compensation imposed by such law upon
the employer, and the law itself was made a part of the contract of
insurance, the insurer cannot escape liability upon the ground that the
employment of the claimant was in violation of section 93 of the Labor
Law which prohibits the employment of children under sixteen years of
age on metal or paper cutting machines. This is so, although the policy
only covered employees "legally employed," if it was stated that noth-
ing in the policy should be construed as excluding an employee who might
be entitled to compensation under the statute.

The fact that the claimant was employed in violation of the Labor Law
furnishes no defense to payment of compensation to either the employer
or insurance company.

APPEAL by the defendants, Faul & Timmins and another,
from an award of the State Industrial Commission, entered in
the office of said Commission on the 26th day of December, 1916.

*William H. Hotchkiss,* for the appellants.

*Egburt E. Woodbury, Attorney-General [E. C. Aiken, Deputy
Attorney-General,* of counsel] and *Robert W. Bonynge,* counsel
for State Industrial Commission, for the respondents.

LYON, J.:

The claimant was fourteen years of age in March preceding
his injury in July, 1915. He was employed as a helper in
the cutting department of the appellant employers who were
engaged in the business of sheet metal stamping and in
manufacturing sheet metal gaskets in the city of Buffalo.
While cutting asbestos boards upon a cutting machine operated
by foot power his attention was distracted from his work
and his right hand was caught between the knives of the
machine, amputating one-quarter of an inch of the distal
phalange of the index finger and one-eighth of an inch of the
distal phalange of the second finger of his right hand, the
Commission finding "same being a substantial portion of the
said phalanges."

The claimant was employed in violation of section 93 of the
Labor Law (Consol. Laws, chap. 31 [Laws of 1909, chap. 36],
as amd. by Laws of 1913, chap. 464) which provided: "No
child under the age of sixteen years shall be employed or per-
mitted to work in operating or assisting in operating any of

the following machines: * * * metal or paper cutting machines." Section 1275 of the Penal Law made the violation of any of the provisions of the Labor Law a misdemeanor punishable by fine or imprisonment, or both. At the time of receiving the injuries the claimant was earning seventy-five cents per day or four dollars and fifty cents per week, and the State Industrial Commission found as a conclusion of fact that his wages would be expected to increase to about the sum of twenty-one dollars or twenty-two dollars per week by the time he arrived at the age of twenty-one years, and determined the average weekly wage of the claimant for the purpose of the award to be the sum of twelve dollars and ninety-eight cents. The Commission thereupon made an award against the employer and insurance carrier of eight dollars and sixty-five cents weekly for a period of thirty-eight weeks. From such award this appeal has been taken.

The grounds of the appeal are: (1) That assuming any award should have been made against the carrier, the same should have been based upon either subdivision 2 or 4 of section 15 of the Workmen's Compensation Law, and not as it was based, upon subdivision 3 of that section; (2) that the Commission should not have exercised the power given it by subdivision 5 of section 14 of that law to take into consideration the expected increased earning power of the claimant and to grant him increased compensation upon that basis; and (3) that the carrier in its insurance contract expressly limited its liability to such compensation cases as arose where the employee was legally employed.

As to the first ground of appeal, the Commission has treated each injury as constituting permanent partial disability, and has allowed the claimant the compensation fixed therefor by subdivision 3 of section 15 for the loss of the first phalange, or one-half of the first finger, twenty-three weeks, and for the loss of the first phalange, or one-half of the second finger, fifteen weeks. The only surgeon examined at the hearing testified that he found the joints of the terminal phalanges normal, and just as good as the others, and that he did not think the injuries would incapacitate the claimant to any extent in performing the labor which he was performing when injured, or interfere at all with his carrying on work as a

machinist. How long the claimant was incapacitated from working does not appear. The only evidence upon the subject is that of the claimant that prior to the time of the hearing in October, 1916, he had been working on the lakes at thirty dollars per month and board, and at the time of the hearing was a clerk in a grocery store at seven dollars per week. The claimant testified that as to the second finger the doctor cut a portion off, and that the claimant did not know whether he cut the bone, and that as to the index finger he could not tell whether there was any of the bone gone. The X-ray photograph received in evidence was confirmatory of the testimony of the physician and the finding of the Commission that one-fourth inch of the bone of the index finger was gone and one-eighth inch of the bone of the second finger. It also showed a practically normal projection of the fleshy bulbous terminal part of each finger beyond the end of the bone. We think the award of the Commission for the loss of the first phalange of each finger, and the consequent loss of one-half of the finger was not justified, and that the award instead of being based upon permanent partial disability should have been of sixty-six and two-thirds per centum of the difference between the claimant's average weekly wage and his wage earning capacity in the same employment or otherwise during the continuance of such partial disability. (*Mockler* v. *Hawkes*, 173 App. Div. 333; *Geiger* v. *Gotham Can Co.*, 177 id. 29; 163 N. Y. Supp. 678; *Thompson* v. *Sherwood Shoe Co.*, 178 App. Div. 319; 164 N. Y. Supp. 869.) The case is very different from that of *Matter of Petrie* (215 N. Y. 335) in which the court affirmed an award for the loss of the phalange upon the ground that in the light of the evidence the conclusions of the Commission might be regarded as stating that substantially all of the phalange had been cut off. In the case at bar the evidence is conclusive that such was not the fact.

As to the second proposition, that the Commission should not in fixing compensation have taken into consideration the expected increased earning power of the claimant and have granted him increased compensation upon that basis, the Commission found, as before stated, that while the claimant was earning but four dollars and fifty cents per week, under normal conditions his wages would be expected to increase

to about the sum of twenty-one dollars or twenty-two dollars per week by the time he arrived at the age of twenty-one years. The Commission thereupon fixed the average weekly wage of claimant at twelve dollars and ninety-eight cents and upon that basis awarded him compensation at the rate of eight dollars and sixty-five cents weekly for a period of thirty-eight weeks.

We think the Commission was not justified in making this award. Had the injury in fact resulted in permanent partial disability, as it was treated by the Commission, a very different question would be presented, but under the circumstances the Commission was not warranted in taking into consideration expected increase of wages beyond the anticipated period of the claimant's disability. However, any probable increase of earning capacity under normal conditions during the period of such disability might doubtless properly have been taken into account. In the case of *Carkey* v. *Island Paper Co.* (177 App. Div. 73; 163 N. Y. Supp. 711) the claimant had suffered permanent partial disability and an anticipatory award was properly made.

As to the third proposition that the carrier is expressly exempted from liability because of the following condition in its contract: " VI. This policy shall cover only employees of the employer, legally employed, whose remuneration is included in said declarations, but nothing in this policy shall be construed as excluding any employee who may become entitled to compensation under the provisions of the New York Workmen's Compensation Law and all amendments thereto, all of whom shall be expressly included." Appellants' counsel argues that words of exception, clearly expressed, must be given effect unless there is within the phrasing used evidence of an intention to withdraw or cancel such words of exception, and that the intention to exclude from the contract employees illegally employed is the more clearly expressed and hence should prevail; also that where a contract tends to assist or abet a wrongdoer in transgressing the law, or in reality aids or permits an illegal transaction, such a contract is void as against public policy; and where it contains two apparently antagonistic provisions, that one should prevail which recognizes a just rule of public policy and represents the evident

intention of the parties. Unquestionably as the appellants contend, the parties to an ordinary contract of indemnity may limit the insurer's liability and exempt the insurer from any claim for indemnity to the insured against damages resulting from the violation by the insured of the Labor Law. (*Mason-Henry Press* v. *Ætna Life Ins. Co.*, 211 N. Y. 489.)

In the case at bar no limitation of the contract of insurance in the respect suggested has been made, and the same is clear and free of all ambiguity. Its purpose is thus expressed: " 1. To pay in the manner provided by the New York Workmen's Compensation Law and all amendments thereto, any sum due or to become due from the employer because of any such injury and the obligation for compensation therefor imposed upon the employer by such law." It makes that law a part of the contract of insurance " as fully and completely as though written herein," and by clause VI before quoted expressly includes all employees entitled to compensation. Section 2 of the Workmen's Compensation Law is general and provides that it shall be applicable to " employees engaged in the following hazardous employments." Nothing excluding minors from the benefit of the law is to be found in it or in the Labor Law, nor can it be said to exist upon the ground of public policy.

In the case of *Kenny* v. *Union Railway Co.* (166 App. Div. 497) the employer was held liable for the payment of compensation although the claimant had obtained the employment by means of false statements in violation of section 939 of the Penal Law, and was thereby guilty of a misdemeanor. Clearly the fact that the claimant was employed in violation of this provision of the Labor Law furnishes no defense to the payment of compensation to either the employer or insurance carrier.

For the reasons stated in considering the first and second grounds of appeal, the award must be set aside and the case remitted to the Commission to make an award in accordance with the views herein expressed.

All concurred.

Award reversed, and matter remitted to the Commission for action in accordance with the opinion.