FRANK ROBILOTTO, as Administrator of the Goods, Chattels and Credits of MICHAEL ROBILOTTO, Deceased, Plaintiff, *v.* BARTHOLDI REALTY COMPANY, Defendant.

(Supreme Court, New York Special Term, September, 1918.)

Workmen's Compensation Law — an infant under sixteen years of age engaged in an employment included in article 1, section 2, group 22 of the Workmen's Compensation Law is within the statute — pleading — demurrer to defense based on section 93(2) of the Labor Law overruled.

Plaintiff's intestate, under the age of sixteen years, was employed by defendant to operate a passenger elevator, an employment enumerated in article 1, section 2, group 22, of the present Workmen's Compensation Law. While so engaged he sustained injuries resulting in his death, and, in an action by his administrator to recover damages in behalf of the father and next of kin of the deceased, the answer alleged as a defense that the subject-matter of the action was not within the jurisdiction of the court, as section 11 of said statute, which was in full force and effect when plaintiff's intestate sustained the injuries resulting in his death, provides the exclusive compensation therefor. *Held,* that a demurrer to such defense on the ground that the employment in which plaintiff's intestate was engaged at the time of the accident was one prohibited by public policy as declared in section 93(2) of the Labor Law, which provides that " No child under the age of sixteen years shall be employed or permitted to have the care, custody or management of or to operate an elevator either for freight or passengers," will be overruled, following *Ide* v. *Faul & Timmins,* 179 App. Div. 567.

DEMURRER to defense.

Abraham Rickman, for plaintiff.

Frank J. O'Neill, for defendant.

Supreme Court, September, 1918.    [Vol. 104.

McAvoy, J. The plaintiff's intestate, an infant under the age of sixteen years, was killed while in the employ of the defendant by an injury occurring during such service and employment through the negligence of the defendant. This action is to recover damages in behalf of the father of said infant and his next of kin because of such death by the wrongful act of the defendant, and in answer to the claim for damages there is set forth a defense which alleges that the subject matter of the action is not within the jurisdiction of the court because the Workmen's Compensation Law of the state, which was in full force and effect at the time the plaintiff's intestate is alleged to have sustained the personal injuries resulting in his death, provided the exclusive compensation for such death. Workmen's Compensation Law, § 11. The defense compasses the businesses carried on by the defendant within the businesses included in the term " hazardous employments;" that is, that the plaintiff's intestate was engaged in the operation of a passenger elevator, which is an employment enumerated in article 1, section 2, group 22, of the present Workmen's Compensation Act. Besides, it is shown and deemed to be true on this demurrer that the defendant has provided for the benefit of the plaintiff; or in the event of death for the next of kin of his intestate, compensation for injury or death therein in one of the methods prescribed by section 50 of the act, and that therefore the exclusive remedy for such wrongful act resulting in death lies within the relief afforded under such Workmen's Compensation Law. The demurrer goes upon the ground that the employment in which the child was engaged was one prohibited by the public policy of the state declared by the legislature in section 93 of the Labor Law, to wit: " Section 93. Prohibited employment of women and children.  *  *  *  2.  *  *  *

No child under the age of sixteen years shall be employed or permitted to have the care, custody or management of or to operate an elevator either for freight or passengers.'' From this basis it is sought to have a holding that the Workmen's Compensation Law is not a remedy to which the infant's next of kin may resort, because the employment contemplated in that act is lawful employment, and such as was not prohibited by express legislative enactment. It is asserted that it would be entirely unreasonable to attribute to the legislature the intention of providing for compensation for injuries inflicted by an act which it had already prohibited the parties thereto from contracting to make possible. Whether the Workmen's Compensation Law is applicable to an injury resulting from the employment of a person in a capacity in which it is prohibited by law to engage one by reason of sex or infancy has not been determined by our Court of Appeals. The Appellate Division of this court in the third department ruled in *Ide* v. *Faul & Timmins* (*Matter of U. S. Casualty Co.*), 179 App. Div. 567, that where a claimant was fourteen years old and employed in violation of section 93 of the Labor Law prohibiting the employment of a child under the age of sixteen years to operate a metal or paper cutting machine, an insurance carrier was not relieved from liability because of a provision contained in its policy providing that only those employees should be covered who were legally employed. Its reasoning is that because section 2 of the Workmen's Compensation Law is general and provides that it shall be applicable to '' employees engaged in the following hazardous employments,'' and because nothing excluding minors from the benefit of the law is to be found in it or in the Labor Law, no legal deduction can be made that there is such exclusion

from the remedies provided for by that act on the ground of any public policy, either declared or implied. The decision is clear to the effect that no defense to the payment of compensation by the employer or carrier to the employee is made out on the ground that the claimant was employed in violation of this provision of the Labor Law. This holding by the Appellate Division, third department, is in direct conflict with the Court of Errors and Appeals of New Jersey (89 N. J. L. 203), the Supreme Court of Wisconsin (156 N. W. Rep. 971) and the Supreme Court of Minnesota (157 id. 995), in the decisions of each of which states the logical rule has been applied that employments described in Workmen's Compensation Acts; for injury in which an exclusive remedy is given by such acts, must be deemed to apply solely to employments lawfully made, and that where the employment is violative of prohibitory legislative enactments such remedy is not within the contemplation of the legislative direction. In New Jersey the Compensation Act is quite similar to ours, excepting that it is elective as to both employer and employee, and under it the rule has been declared that the absolute prohibition of employment of a child before he reaches the age of fourteen years has the effect of relieving the claimant from the necessity of proceeding for his remedy under the Workmen's Compensation Act, and that the common-law liability for injuries done the child while in such unlawful employment survives. In Wisconsin the ruling is not closely applicable, because in that state's Workmen's Compensation Law there is a provision to the effect that the act shall apply to all contracts for employment, including contracts of employment of minors who are legally permitted to work under the laws of this state. In Minnesota the act has a similar provision, and the statute is made applicable only to

minors " who are legally permitted to work under the laws of this state." We have, therefore, to conclude between the doctrine announced by the highest court of New Jersey and the ruling given in this court at the Appellate Division of another department, and I do not think that the slight distinction between our law and that of New Jersey provides the answer to the disparity of reasoning. Here the design, pursuant to the provisions of the constitutional amendment permitting the legislature to enact this law, was to avert the consequence of unremedied injury suffered in the course of employment regardless of the contributory negligence or assumption of risk of the claimant. It was deemed proper that both employer and employee should be rid of the burden of risk in the hazardous industries, and that the losses in money compensation should be borne by the patrons of the business as a cost of carrying on the enterprise. This policy is patent in every state and federal enactment on this subject of legislation. There is then no difference of policy actuating the difference in rulings. I apprehend that the decision in our jurisdiction is based upon an erroneous premise from which flows the apparently erroneous conclusion that minors prohibited from engaging in employment are included within the provisions of the Workmen's Compensation Act and that therein lies their exclusive remedy. In the *Ide* case there are used these words: " Nothing excluding minors from the benefit of the law is to be found in it or in the Labor Law, nor can it be said to exist upon the ground of public policy." Of course minors are not excluded from the benefits of the law. Minors are specifically mentioned in one part of it as being considered *sui juris* for certain purposes to be attained under it. Workmen's Compensation Law, § 2, sentence before last paragraph. All the minors over sixteen years of age operating

elevators would not be excluded from its provisions, but, on the contrary, must be deemed to be included from the general term used. The reasoning in the sentence quoted of the court's opinion relied on by defendant seems to regard the omission of an exclusion of minors who are prohibited from working at certain hazardous occupations from the provisions of the act as an indication that they were to be included within the term " employees." This, with due respect, seems to beg the question. Whatever the ordinary canons of construction impose for the definition of general words, it is now to be decided whether a class prohibited by law from being employed may be deemed as one contemplated as sure to be found in work violative of the prohibition. It seems incredible that the legislative intent can be construed to have gone to the extent of providing for compensation for a class of employees which its solemn commandment had forever forbidden to be engaged in such occupations. It is reasoned in the cited case as though it was assumed that this child protective legislation would be ignored, and the legislature knew that it would be flouted. I am not able to follow this logic, but with the opinion of the Appellate Division, third department, opposed to these views, before which court come all the primary appeals under the Workmen's Compensation Law from determinations ruled upon by the industrial commission, which, in the interest of stability and certainty of the law, is not to be lightly disregarded, even though the *stare decisis* rule is not applicable, I feel bound against making a ruling on judgment independent of the views there announced. It is almost manifest that it will be found that the policy of conserving child life from injury or destruction does not ask that infants protected by this legislation enacted in the Labor Law be confined

to the exclusive remedy of the Compensation Act. The evils attendant upon the pleas of contributory negligence, assumption of risk and the construction of the fellow-servant doctrine are not to be feared in an infant's action, or that of his representative upon an allegation of unlawful employment in a hazardous occupation. *Marino* v. *Lehmaier,* 173 N. Y. 530, and *Koester* v. *Rochester Candy Works,* 194 id. 92, point out that as matter of law these defenses do not lie against the declared policy of prohibition of child labor in certain avocations. It would seem surely to be a better policy to negative the right of compensation in employments prohibited as unlawful as a salutary restraint both on parents tending toward their fulfillment of their obligation to keep their children from the proscribed work and on employers as exposing them to the risk of common-law damages for injuries if sustained by such infants, as to whose engagements law has interposed a barrier. Notwithstanding individual judgment, that remedy is not to be found within the Compensation Act, and an action at common law still survives in these circumstances, I will follow the decision of the third department and overrule plaintiff's demurrer to the defense, with motion costs. Defendant's motion to overrule granted. Plaintiff's motion to sustain demurrer is denied.

Ordered accordingly.