MARY WOLFF, an Infant over the Age of Fourteen, by NORA WOLFF, Her Guardian ad Litem, Appellant, *v.* FULTON BAG AND COTTON MILLS, Respondent.

Second Department, December 6, 1918.

**Workmen's Compensation Law — not a bar to common-law action for damages by infant employed in violation of Labor Law — violation of Labor Law as evidence of negligence.**

The Workmen's Compensation Law is not a bar to an infant plaintiff's common-law action for damages, where it appears that the plaintiff, a girl under the age of sixteen years, was employed by the defendant, a corporation engaged in the manufacture of burlap and cotton bags, to operate a machine which was not guarded as required by the provisions of the Labor Law, and that the defendant had failed to procure an employment certificate required by the statute.

The violation of the provisions of the Labor Law by an employer of a minor is evidence of negligence in a case based upon the allegation that the defendant failed in the duty it owed to the plaintiff while she was in the factory, whether her employment was legal or illegal.

The Legislature in enacting the Workmen's Compensation Law with reference to the rights and remedies of employers and employees referred to legal employment. To construe the law as permitting an employer who had employed children illegally in work expressly forbidden by law to insist that they are deprived of their common-law rights and must look to the Workmen's Compensation Law for relief, would be to nullify the provisions of the Labor Law and to disregard the public policy of the State.

APPEAL by the plaintiff, Mary Wolff, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 19th day of January, 1918, dismissing the complaint upon the pleadings, consisting of a complaint, answer and reply, and also from an order entered in said clerk's office on the 15th day of January, 1918, granting defendant's motion for judgment on the pleadings pursuant to which order the judgment was entered.

*Henry M. Dater* [*Jay S. Jones, Edward J. Fanning* and *L. Victor Fleckles* with him on the brief], for the appellant.

*James J. Mahoney* [*George J. Stacy* with him on the brief], for the respondent.

KELLY, J.:

The defendant moved for judgment upon the pleadings, consisting of the complaint, the answer, and a reply compelled by the defendant. The affirmative allegations of the defendant in the third defense pleaded, concerning the business carried on by it, the nature of the plaintiff's work in the defendant's factory, and the happening of the accident, amplify to some extent the formal allegations in the complaint. All of these allegations are, therefore, to be considered in passing upon the questions presented by the appeal. The complaint alleges, and it is admitted and affirmatively alleged in the answer, that defendant is a corporation engaged in the business of manufacturing burlap and cotton bags in Brooklyn, N. Y., maintaining and operating power presses; that on December 18, 1916, the plaintiff was working as an operator on one of defendant's said presses, and that she sustained accidental personal injuries while so employed by having her hand crushed and amputated in the press. The complaint alleges that on the day the accident happened, the plaintiff was under the age of sixteen years; that the infant plaintiff was employed by the defendant to operate the machine; that her injuries were caused by the negligence of the defendant and without negligence on the part of the plaintiff. It charges that the employment of plaintiff was unlawful, and that defendant had failed to procure an employment certificate provided for in the Labor Law. It is also alleged in the complaint that the machine at which plaintiff was working had no guard as required by statute; that it was the duty of defendant to provide the plaintiff with a reasonably safe place to work and a reasonably safe machine with which to perform her work, and that defendant failed and neglected to perform its duty and allowed the machine to become dangerous and defective in that it was not equipped with any proper or sufficient guard. The plaintiff, in addition, alleged facts showing liability of defendant under the so-called employers' liability sections of the Labor Law (Consol. Laws, chap. 31 [Laws of 1909, chap. 36], §§ 200–204, as amd. by Laws of 1910, chap. 352), and alleges service upon defendant of the notice required by that statute. The plaintiff, directed to reply to the new matter set up as a defense (Code Civ. Proc. § 516),

admitted defendant's affirmative allegations as to its business and operation of power presses, also that at the time of the accident plaintiff was employed in defendant's place of business as an operator and feeder of one of said printing presses. The defendant pleaded as part of its third separate defense that exclusive compensation for any injuries sustained by plaintiff while employed in defendant's factory was provided for in the Workmen's Compensation Law, and averred that it had procured insurance and was insured pursuant to section 50 of that law (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], as amd. by Laws of 1916, chap. 622), and had otherwise complied with the statute so as to secure compensation to its employees for injuries sustained.    In plaintiff's reply she denied that she was limited to the compensation provided by the Workmen's Compensation Law, insisting that she had the right to maintain a common-law action for damages against the defendant.    Upon the defendant's motion for judgment upon the pleadings, the learned judge at Special Term held that plaintiff could not sue at common law or under the Employers' Liability Act; that she was an employee of the defendant, and must have recourse to the Workmen's Compensation Law, which in his opinion was a complete bar to any other right of recovery. He cited the cases of *Kenny* v. *Union Railway Co.* (166 App. Div. 497) and *Ide* v. *Faul & Timmins* (179 id. 567) as authority for his conclusion that the fact that the employment of plaintiff was illegal " does not preclude her recovery under the Compensation Act."

We reach the conclusion that the Workmen's Compensation Law is not a bar to the infant plaintiff's common-law action for damages.    Her employment in the defendant's factory on the day of the accident was unlawful; the defendant had no right to employ her, and in doing so it was guilty of a misdemeanor.    (Penal Law, § 1275.)    There can be no mistake as to the positive provisions of the law of this State in force at the time of the accident.    The Labor Law contains the following:

" § 2. Definitions.  Employee.  The  term  ' employee,' when used in this chapter, means a mechanic, workingman or laborer who works for another for hire.  *  *  *

" § 70. Employment of minors.  No child under the age

of fourteen years shall be employed, permitted or suffered to work in or in connection with any factory in this State, or for any factory at any place in this State.   No child between the ages of fourteen and sixteen years shall be so employed, permitted or suffered to work unless an employment certificate, issued as provided in this article, shall have been theretofore filed in the office of the employer at the place of employment of such child.   *   *   *

" § 93. Prohibited employment of women and children. 1. No child under the age of sixteen years shall be employed or permitted to work in operating or assisting in operating any of the following machines:   *   *   *   job or cylinder printing presses having motive power other than foot." (See Laws of 1913, chap. 529, amdg. said §§ 2, 70, and Laws of 1913, chap. 464, amdg. said § 93.)

And it is provided in section 81 of the Labor Law (as amd. by Laws of 1913, chap. 286) that " machinery of every description shall be properly guarded and provided with proper safety appliances or devices.   All machines, machinery, apparatus, furniture and fixtures shall be so placed and guarded in relation to one another as to be safe for all persons."   Violation of the statute is evidence of negligence in an action such as this, based upon the allegation that the defendant failed in the duty it owed to the infant plaintiff while she was in the factory, whether her employment was legal or illegal.   The object of these statutes and the policy of the State with reference to the employment of minors have been repeatedly stated.   (*Marino* v. *Lehmaier,* 173 N. Y. 530; *Koester* v. *Rochester Candy Works,* 194 id. 92; *Amberg* v. *Kinley,* 214 id. 531.)   In employing this child under sixteen years of age to work upon its power press, defendant violated the public policy of the State as declared by the foregoing statutes.   We think that in enacting the Workmen's Compensation Law with reference to the rights and remedies of employers and employees, the Legislature referred to legal employment.   To construe the law as permitting an employer who has employed children illegally in work expressly forbidden by law, to insist that they are deprived of their common-law rights and must look to the Workmen's Compensation Law for relief, would be to nullify the provisions of the Labor Law and to disregard the public policy of the State.   In

enacting the Workmen's Compensation Law the Legislature did not prescribe a code of procedure for persons engaged in unlawful or criminal occupations. The Court of Appeals, in deciding the constitutionality of the Workmen's Compensation Law in so far as it deprives the employee of his common-law right of action, said the subject should be viewed in the light of modern industrial conditions, spoke of wasteful and protracted litigation, and sustained the act from considerations of the general welfare. (*Matter of Jensen* v. *Southern Pacific Co.*, 215 N. Y. 514, 526.) And the decision of the Supreme Court of the United States goes upon the same ground. (*New York Central R. R. Co.* v. *White*, 243 U. S. 188.) But it must be apparent that the protection of young children from dangerous employments to which they may be drawn by necessity, or by greed of parents or employers, or through childish inexperience or ignorance, is as important to the general public welfare as caring for those of mature years who may have been disabled in their employment. To concede that defendant violated the law, and at the same time sustain its contention that the Legislature which enacted the statute intended to provide a way out for him, does violence to every principle of right and reason. We do not read the decisions in the *Kenny* and *Ide* cases, cited by the learned judge at Special Term, as holding to the contrary. In the case at bar it is the infant who is before the court asserting her right of action, charging that in employing her to work on this dangerous power press the defendant did an unlawful thing, and further that in employing her in a factory without the necessary employment certificate showing consent of her parent or guardian with the other safeguards as to her health, education, etc. (Labor Law, §§ 71–73, as amd. by Laws of 1913, chap. 144, and Laws of 1916, chap. 465), the defendant disregarded the policy of the State and the mandate of the Legislature. In the *Kenny Case* (*supra*) deceased was a man of full age, who had been a conductor for the defendant railroad company. After accident resulting in his death, the defendant sought to escape its duty under the Workmen's Compensation Law upon the ground that it was not an " employer," since deceased obtained his employment through false statements punishable under Penal Law, section 939.

It was held that such statements, though a misdemeanor, did not make the contract void, but at most voidable at the election of the employer, which it at no time saw fit to exercise. This followed *Hart* v. *N. Y. C. & H. R. R. R. Co.* (205 N. Y. 317), where the false representations as to the employee's age were not punishable under the Penal Law. In both these cases the employer had actually received the employee's services while he lived. He first contested such employment with the personal representatives of the deceased after death. In the case at bar the infant herself sues. It is the infant who is here seeking to avoid the contract and pressing its illegality upon the court. The so-called contract in the case at bar was more than voidable. It was contrary to the prohibition of the statute and to the public policy of the State. There was nothing illegal in the employment of Kenny or Hart if the railroad company saw fit to employ them. Kenny, the conductor, was an adult, and Hart, the fireman, while under twenty-one years of age, was apparently old enough to hire himself out on a steam locomotive. In the case at bar this girl under sixteen years of age was incapable of hiring herself out to work in defendant's factory in any capacity without employment or working papers which would have required the consent of her parents or guardians and which would have contained the statutory certification or proof that she was physically fit and had received the minimum schooling required by law. In addition, the people of the State in their wisdom had absolutely prohibited her from making such a contract, whether her own or her parents' necessities made it desirable or not. The statute declared that she should not be permitted to work upon this power press under any circumstances. These were matters which did not rest with the girl or her parents or the defendant. The case of *Ide* v. *Faul & Timmins* (179 App. Div. 567) involved the insurance carrier's objections, where the minor plaintiff had recovered compensation before the State Industrial Commission. Even regarding the contract as voidable, the infant had affirmed it and had received an award. The question of the effect of violations of the Labor Law in employing children under legal age, upon the common-law right of action of such infants, apparently was not considered in either of the cases cited.

The case of *Hetzel* v. *Wasson Piston Ring Co.* (89 N. J. L. 201, 203; L. R. A. 1917 D, 75) has a direct bearing upon the matters here involved. In that case an infant thirteen years of age was employed in the factory of the defendant company, in which the manufacture of piston rings and other metallic articles was carried on. Her action was based upon the common-law liability of an employer to compensate an employee for injuries received in his employment by reason of the master's negligence. In the court of first instance the complaint was stricken out upon the ground that the New Jersey Workmen's Compensation Act (Laws of 1911, chap. 95, as amd.) was an exclusive remedy in substitution for the common-law liability of the master, from which order the plaintiff had appealed. After citing the provisions of the Workmen's Compensation Act, which declared that every contract of hiring made after that act took effect should be presumed to have been made with reference to its provisions, the New Jersey Court of Errors and Appeals said, through GUMMERE, Ch. J.: " It can hardly be doubted that the Legislature, in providing for the engrafting of these statutory provisions on contracts of hiring, had in mind contracts which were valid in law or, at least, contracts the making of which was not prohibited by express legislative enactment; for it would be entirely unreasonable to attribute to the Legislature the intention of adding terms to a contract of hiring which it had already prohibited the parties thereto from making. Was, then, the contract in the present case a valid one? A mere reference to chapter 64 of the Laws of 1904 (Pamph. Laws, p. 152) furnishes a complete answer to this query. This act regulates the age, employment, safety, and work hours of persons employed in factories, workshops, mills, and all places where the manufacture of goods of any kind is carried on, and its first section is that ' No child under the age of fourteen years shall be employed, allowed or permitted to work in any factory, workshop, mill or place where the manufacture of goods of any kind is carried on; any corporation, firm, individual, parent, or guardian of any child who shall violate any of the provisions of this section shall be liable to a penalty of $50 for each offense.' The basis of the judgment below is that there was a contract of hiring by which the plaintiff became the employe of the

defendant. That there was such a contract, either express or implied, clearly appears from the facts set out in the plaintiff's complaint. That the contract was in violation of this statute, and that the making thereof was absolutely prohibited thereby, cannot be questioned; for it will hardly do to say, as is suggested by counsel, that the employer and the parent of the minor can by joint agreement deprive the child of the protection of this statute by a payment of $50 as a penalty for a violation of its provisions. The purpose of the statute cannot be thwarted in any such way. Its primary object is the protection of children who are too young to appreciate the dangers arising out of work in places such as those described in the act. And in order to make that protection complete the Legislature left no loophole for the escape from its provisions of either the employer or the parent. It says to the employer, ' You shall not employ any child under the age of fourteen years in your factory; you shall not allow or permit him to work there.' It says to the parent of such a child, ' You shall not allow or permit your boy or girl to work in such a place until he or she has reached the age of fourteen years.' Having declared this absolute prohibition, how can it logically be said that the Legislature, by a subsequent enactment, recognized the right of the factory owner and the parent to disregard the mandate of this statute, and make a contract for the employment of the boy which might or might not have read into it the provisions of the Workmen's Compensation Act, as the master and the parent between them should elect? It is said that there is nothing in the complaint which shows that the contract of hiring was made by the parent on behalf of the plaintiff, and not by the plaintiff himself. It is not necessary that this should appear. Ordinarily the parent is entitled to the services of the child, and the wages earned by the child, until he reaches his majority, and so contracts for the employment of the child are presumed to be made by the parent. But in this particular case, it is immaterial whether the contract was that of the parent for the child, or of the child by his own act; for the prohibition of the act of 1904 is not only against the making of contracts for the employment of minors under the age of fourteen in factories where the manufacture

of goods is carried on, but against allowing or permitting him to work in any such factory; and so a contract of hiring which by its terms proposes to violate that act, is equally invalid whether made by the parent or by the child. We conclude, therefore, that the common law right of action of the plaintiff arising out of the facts set out in his complaint has not at all been affected by the provisions of the Workmen's Compensation Act, and that, therefore, the judgment under review must be reversed."

The New Jersey act contains a provision not found in the New York statute, by which workmen may elect whether they will accept the benefits of the law. In the case at bar there is no evidence that the parent consented to or was consulted about the employment, because it is alleged that no working papers were required by or filed with the employer. In *Robilotto* v. *Bartholdi Realty Co.* (104 Misc. Rep. 419) Mr. Justice McAvoy at Special Term, expressing the opinion that the common-law action survived in a case of unlawful employment of a child, felt constrained to decide contrary to his individual judgment by the decision in *Ide* v. *Faul & Timmins.* If the constitutionality of the Workmen's Compensation Law in depriving a laborer of his right to trial by jury of his claim for damages against an employer is sustained because of modern industrial conditions, and upon the theory that employer and employee are presumed to have had the law in mind, " since they voluntarily engage in it [*i. e.,* the employment] as co-adventurers, with personal injury to the employee as a probable and foreseen result " (*New York Central R. R. Co.* v. *White, supra,* 205) such reasoning does not apply to the unlawful and prohibited employment upon a dangerous machine of a child under sixteen years of age.

It follows that the order granting defendant's motion for judgment upon the pleadings was erroneous, and that the judgment entered in pursuance of such order should be reversed.

The order granting defendant's motion for judgment upon the pleadings should be reversed, with costs and disbursements, and motion denied, with ten dollars costs. The judgment entered upon such order dismissing the complaint is

reversed, with costs, and the case is remitted to the Supreme Court for trial.

MILLS, PUTNAM and JAYCOX, JJ., concurred; THOMAS, J., concurred for reversal in separate memorandum.

THOMAS, J.:

I concur for reversal upon the ground that upon the facts presented the violation of the statute was the proximate cause of the injury (*Amberg* v. *Kinley*, 214 N. Y. 531), and upon the trial the question of proximate cause and damages was for the jury. The question of negligently guarding the machine is inconsistent. The defendant could not become a master, and is liable whether the machine was or was not guarded, if it put the girl to work on it in violation of the statute. I concur with Mr. Justice KELLY's discussion and conclusion as to the Workmen's Compensation Law and its non-applicability.

Order reversed, with costs and disbursements, and motion denied, with ten dollars costs. Judgment reversed, with costs, and case remitted to the Supreme Court for trial.