Vincent Boyle, Infant, Plaintiff, *v.* A. C. Cheney
Piano Action Co., Defendant.

(Supreme Court, Rensselaer Trial Term, February, 1920.)

Workmen's Compensation·Law — complete protection to employer
against common law actions — statutes.

The Workmen's Compensation Law establishes a new tribunal,
summary in character, for the recovery of damages arising out
of injuries to employees, and the doctrine that the relation
of employer and employee does not exist within the meaning
of the statute unless the employment is a "legal" one, violates
the spirit of the statute and reads into it a provision never
intended by the legislature.

*Wolff* v. *Fulton Bag & Cotton Mills*, 185 App. Div. 436,
disapproved.

Motion for judgment on the pleadings.

W. E. Fitzsimmons, for plaintiff.

Ainsworth, Carlisle, Sullivan & Archibald, for
defendant.

Howard, J.  No formal statement having been dic-
tated to the stenographer at the time this motion was
granted, this brief, rather extemporaneous memoran-
dum, setting forth the views of the trial court is
handed down.

Section 11 of the Workmen's Compensation Law
provides that, "The liability of an employer pre-
scribed by the last preceding section shall be exclusive
and in place of any other liability whatsoever, to such
employee, * * * to recover damages, at common
law or otherwise on account of such injury." Ever
since the enactment of the Workmen's Compensation
Law this provision has been supposed by everybody
— lawyers, judges and laymen — to be a complete pro-
tection to the employer against common-law actions.

The Appellate Division in this department has twice so held. *Kenny* v. *Union Railway Co.,* 166 App. Div. 497; *Ide* v. *Faul & Timmins,* 179 id. 567.

The plaintiff, however, insists that *Wolff* v. *Fulton Bag & Cotton Mills,* 185 App. Div. 436, upsets this rule and opens the door to common-law actions in certain instances.

I utterly disagree with the reasoning of that case. It undertakes to establish the doctrine that the relation of employer and employee, within the meaning of the law, does not exist unless the employment is a " legal " employment. This is not a liberal interpretation of the enactment; it is a strained and far-fetched view. It violates the spirit of the act, I believe, and reads into the statute a provision never intended by the legislature. The Workmen's Compensation Law was revolutionary in character. It swept away all common-law actions. It established a new tribunal for the recovery of damages arising out of injuries to employees; a tribunal summary in character; a tribunal to do rough justice. It made no fine distinctions between " legal " and illegal employment. It was all-comprehensive and sweeping in character. It included all classes of employees — illiterate, infant, alien, adult. Any construction which narrows its scope does violence to the plain intent of the statute.

But I should not be presumptuous enough to set up my judgment against that of the second department were I forced to stand alone in my position. The Appellate Division of my own department has taken this position from the start. While I was yet on that bench the *Kenny* case was decided. There Judge Lyon said: " While the relation of employer and employee as defined by the statute must have existed at the time deceased sustained the injury, it matters not

whether the employment was under a contract concededly valid as to both parties, or under a contract voidable at the election of the employer, or whether the liability of the employer for wages was fixed, or determinable under *quantum meruit.* The vital question is whether the relation of employer and employee existed between the deceased and the railway company, and the facts being conceded, the question is one of law." I concurred in that decision then; I concur in it now.

Again in the *Ide* case Judge Lyon wrote: " Clearly the fact that the claimant was employed in violation of this provision of the Labor Law furnishes no defense to the payment of compensation to either the employer or insurance carrier." Nothing could be more explicit than this.

It is quite true that the opinion in the *Wolff* case is much more pretentious, and is directed more pointedly at the question under consideration here; nevertheless, as I view the two cases cited, this department has twice decided this question and these decisions are binding upon me.

Moreover I believe the third department to be the better authority. The justices of this court were the pioneers of the Compensation Law in this state. They have wrestled with all its intricate provisions from the beginning. They have studied it from every angle. They have weighed and measured and balanced every section and sentence. Therefore, if I have properly comprehended the decisions in this department, one isolated case in another department holding a contrary view, ought not, of course, to control my determination.

These were the considerations which moved me to grant the motion.

Motion granted.