JAY LUPHER, *a Minor, etc., Appellant,* v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellee.*

No. 16,297.

#### SYLLABUS BY THE COURT.

MASTER AND SERVANT—*Injury to a Minor Who Procured Employment by Misrepresentation.* The fact that a brakeman obtained his position by falsely stating that he was of full age when he was in fact but eighteen years old (a rule of the company forbidding the employment of minors in that capacity) does not relieve the company from its obligation to exercise the same care for his protection that is due to any other employee, or disentitle him to recover for an injury due to the want of such care and not occasioned by his minority or immaturity.

Appeal from Neosho district court; JAMES W. FINLEY, judge. Opinion filed January 8, 1910. Reversed.

*H. P. Farrelly,* and *T. R. Evans,* for the appellant.

*William R. Smith, O. J. Wood,* and *Alfred A. Scott,* for the appellee.

The opinion of the court was delivered by

MASON, J.: In October, 1904, Jay Lupher entered the service of the Atchison, Topeka & Santa Fe Railway Company as a brakeman. He was at the time eighteen years of age, but represented that he was twenty-one, and obtained his position by that misrepresentation, a rule of the company forbidding the employment of

minors in that capacity. In July, 1906, while throwing a switch, he slipped and fell upon the track and was run over and severely injured. He sued the company, alleging that his injury was due to its negligence. His evidence disclosed these facts and a demurrer thereto was sustained, upon the ground that his misrepresentation in securing his employment prevented the establishment of the relation of master and servant, and that at the time of his injury he was either a trespasser or at most a mere licensee, to whom the company owed no other duty than not to injure him willfully or wantonly. He appeals.

The decision of the trial court is supported by *Norfolk and W. R. Co. v. Bondurant,* 107 Va. 515, upon which it is said to have been based. That case in turn is founded expressly upon *Fitzmaurice v. New York, N. H. & H. Railroad,* 192 Mass. 159, and the citations in a note thereto in 6 L. R. A., n. s., 1146. The substance of the Massachusetts case is that one who uses a railroad ticket obtained at a reduced rate by fraudulent representations is not a passenger in the sense of being entitled to protection as such, and stands in no better position than a mere trespasser. This is the general doctrine, to which there seems to be no dissent. (6 Cyc. 538.) The Virginia court took the view that by parity of reasoning one who obtains employment from a railway company by a false statement as to his age is prevented by his fraudulent act from becoming an employee. We think the two situations are obviously dissimilar. The analogy is not close enough to warrant the application of the same rule. Among other differences may be noted this: In the one instance a person desiring to be transported from one point to another fraudulently procures the railway company to render him that service, a service which is wholly for his benefit and in which the company has no interest whatever; he obtains by false pretenses something of value to himself, for which he renders no equivalent.

Lupher v. Railway Co.

In the other the seeker of employment does, it is true, procure his contract by false representations, but having obtained it he begins the performance of service for the benefit of the company and renders it an equivalent for all that he receives from it. True, the company could at its option upon discovery of the deceit discharge him at any moment (26 Cyc. 989), but even then he would be entitled to compensation for the time he had served, not necessarily at the agreed rate, but according to the reasonable value of his services. (*Anstee v. Ober,* 26 Mo. App. 665.) The relation of master and servant exists in virtue of the one party performing valuable services which are accepted and paid for by the other. If Lupher had arrived at full age before the accident occurred it would hardly be contended that he was still a trespasser. Yet he would still have been working for the company under a contract he had obtained by misrepresentation. The difference would be that his arrival at majority would have rendered it absolutely impossible that any injury should result to the company from the deception.

The precise question presented was passed upon in *The L. S. & M. S. Ry. Co. v. Baldwin,* 19 Ohio C. C. 338, where it was said:

"A large number of cases have been cited where it was held that persons wrongfully upon trains were trespassers and not entitled to the protection of the railroad company, and learned counsel for the railroad company insist with great vigor and earnestness that under the state of facts in this case Baldwin was a trespasser and wrongdoer; that he procured his employment in the service of the railroad company by false pretenses; that he was wrongfully upon the train where he was injured; that, being a wrongdoer and trespasser, the company owed him no duty to provide a safe place for him to work and safe appliances and machinery to do his work. . . . The rule of the railroad company, requiring its employees to be twenty-one years of age, is a reasonable one, but we can not agree with counsel that the false statement of Glenn Baldwin as to his age made him a trespasser upon the

cars and tracks of the railroad company. . . . Putting it as strongly as counsel for the company can put it, that he falsely represented his age to the company, . . . we still think that while he was in the actual service of the railroad company he was entitled to the protection of an employee. The fact that he had misrepresented his age, and the further fact that he was a minor, did not make the contract for service void, but voidable. The railroad company, having been deceived, on the other hand could terminate it whenever it discovered the deception; but until one party or the other put an end to the relations the contract continued to exist." (Pages 341, 342.)

In *McDermott v. Iowa Falls & S. C. Ry. Co.,* [Iowa, 1891] 47 N. W. 1037, which appears to have arisen upon similar facts, the opinion does not disclose precisely what contention was made, but the court used this language:

"An instruction directed the jury, in effect, that if defendant was misled by deceased as to his age, and induced to believe he was not a minor, the fact should be considered by the jury, and, if deceased's age led to the injury, plaintiff can not recover. The instruction is right. If no injury resulted from the deception practiced upon the defendant it can not complain." (Page 1039.)

A rehearing was granted in that case, as a result of which a reversal instead of an affirmance was ordered, but not upon grounds affecting the question under discussion. The first opinion was withdrawn and was not officially published. The language quoted was omitted from the final opinion, but there is nothing to suggest that a different view was taken of the matter there referred to. (*McDermott v. I. F. & S. C. R'y Co.,* 85 Iowa, 180.)

In *Matlock v. Railroad,* 198 Mo. 495, it was held that a right of recovery existed under facts substantially similar to those here presented. And in *Kirkham v. Wheeler-Osgood Co.,* 39 Wash. 415, a judgment was sustained based upon the injury, through the neglect of an employer, of a minor who had gained his oppor-

tunity to work by overstating his age.  The theory that the use of deception in obtaining employment prevents the establishment of the relation of master and servant appears not to have been suggested in either of these cases, nor does it seem ever to have been approved by a reviewing court except in the one instance.  Notes to the Virginia case in 15 L. R. A., n. s., 443, and 122 Am. St. Rep. 874, contain no mention of any similar decision.

We conclude that both upon reason and authority the plaintiff was entitled to recover damages for any injury resulting from a violation of the duties ordinarily owing from an employer to an employee.  Of course, if it had been established that the accident was occasioned by his minority or immaturity a very different question would be presented.

The defendant claims also that the evidence had no tendency to show any negligence on its part, and that, even if so, the plaintiff had assumed the consequent risk.  The trial court ruled against these contentions, placing its decision solely upon the ground already discussed.  We think the evidence justified submitting to the jury the questions whether the defendant was negligent and whether, if the defense of assumed risk was otherwise made out, it was not avoided by a complaint and promise to remedy the defect.

The judgment is reversed and the cause remanded for further proceedings.