The action was brought to recover damages for the death of the plaintiff's intestate, which is alleged to have been caused by negligence chargeable to the defendant. The particular negligence charged consisted in the act of the engineer, at the time in charge of an engine upon which the deceased was working as fireman, in allowing the water to become so low in the boiler as to cause an explosion. It was alleged that the engineer was the vice-principal of the defendant; having the physical control and direction of the movement of the engine. The omission of the engineer was admitted upon the trial and, also, the fact that the deceased came to his death through injuries received from the explosion. It was proved to be the engineer's duty to see to the condition of the water in the boiler and that he omitted to operate the injector; a mechanical contrivance by which the water in the tender is fed to the boiler of the engine. At the time of the occurrence, the engine, upon which were the deceased and the engineer, was running on the defendant's road without any cars attached and, being classed as a "train" under its rules, there being no conductor, the engineer was in charge. He was responsible for the safety of the train and the fireman was under his direction.
The trial court submitted to the jurors the question of the engineer's negligence and instructed them that, if found, it was attributable to the defendant. Exception was taken by the defendant to this instruction and, *Page 320 
again, when repeated in a ruling, at the close of the charge, and the question of the defendant's liability for its engineer's negligent act was definitely raised. The plaintiff had a verdict and the judgment thereupon entered has been unanimously affirmed by the Appellate Division. The defendant, further, appeals to this court and insists that the trial court erred in holding that it was chargeable with the engineer's carelessness. It is contended that the engineer was not in the position of a vice-principal of the defendant, within the provisions of the Railroad Law. The statute, whose construction and application are involved, was enacted as an amendment of the General Railroad Law and was added thereto as section 42-a. (Laws 1906, ch. 657.) It provides that, in actions against a railroad corporation to recover for a personal injury to any person in its employment, "it shall be held in such actions that persons * * * who are intrusted by such corporation * * * with the authority of superintendence, control or command of other persons in the employment of such corporation * * * or with the authority to direct or control any other employee in the performance of the duty of such employee, or who have, as a part of their duty, for the time being, physical control or direction of the movement of a signal, switch, locomotive engine, car, train or telegraph office, are vice-principals of such corporation * * * and are not fellow-servants of such injured or deceased employee," etc. This amendment of the Railroad Law extended the liability of a railroad corporation in that class of actions and brought within the scope of a vice-principal's relation, every person, who might be invested with authority to superintend, control, or direct, other employes; or whose duty might require the performance of the acts of physical control, or direction, specified. What gave rise to the passage of the act was the sentiment that the fellow-servant rule should be limited to those cases, where the employe, whose act occasioned *Page 321 
the injury, was not in authority, or control, and it was the legislative intent to prescribe the conditions under which corporate responsibility for personal injuries, occasioned by a fellow-servant's negligent act, should attach. The acts required in the "physical control, or direction, of the movement" of a locomotive engine, or train, are details of the engineer's work; but he is made as to such details a vice-principal, in view of the dangers to be guarded against in moving a locomotive engine, or train. It is argued that there is a distinction between the act of keeping an engine in a condition to be moved and the act of physically controlling, or directing, its movement. That is true, enough; but, in either case, this engineer was in charge of the moving engine and, in his position of control, he was a vice-principal, under the statute, as to all acts in the performance of his duty, which, for the time being, were necessary to the safe movement; that is to say, operation, of the engine. We had, lately, to consider the responsibility of an engineer, under this statute, in Utess v. Erie R.R. Co. (204 N.Y. 324). In that case, it was sought to hold the defendant liable for a personal injury occurring to the plaintiff, one of its employes, through the falling of a piece of coal from the locomotive tender as a train passed him. It was held that the engineer, though a vice-principal of the defendant in controlling the movement of the engine, was not "obligated by his employment, or position, to have knowledge of the condition of the coal within the tender" and, therefore, the statute did not apply to such a case. The "engineer," it was observed in the opinion, "did not create the dangerous condition through a negligent operation of the engine." In this case, it was proved to be the engineer's duty and practice to see to the water in the boiler and that involved the operation of the injector by which water was supplied. It would be negligence to run the engine with insufficient water in the boiler and, therefore, a neglect of the engineer to attend to that detail would be *Page 322 
an omission of a part of the duty, with which he was intrusted, in directing the movement of his engine.
We think that the trial court committed no error, in ruling as it did upon this question.
It is, further, contended, on behalf of the appellant, that it was error for the trial court to exclude evidence, showing that the deceased had misrepresented his age at the time that he contracted with the defendant for his employment. The appellant proposed to show that, in the written application made by him, he falsely represented that he was over twenty-one years of age and, having obtained his position by the false representation, that his rights were only those of a licensee. The trial court committed no error in excluding the evidence, as constituting no defense. The misrepresentation of the deceased affected the contract of employment, in the sense, that it made it voidable; but it did not affect the relation of master and servant, with respect to the former's obligation under the statute respecting the safety of the persons serving it. Notwithstanding that the deceased, by his misrepresentation, evaded the rule of the defendant forbidding the employment of minors, he was, actually, in its service and, therefore, was entitled to the protection of an employe accorded by the law. (See L.S. M.S. Ry. Co. v.Baldwin, 19 Ohio C.C. 338; Lupher v. A., T. S.F. Ry. Co.,81 Kans. 585.)
For the reasons given, I advise the affirmance of the judgment appealed from.
CULLEN, Ch. J., HAIGHT, VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.
Judgment affirmed, with costs. *Page 323