STAFFORD v. BALTIMORE & O. R. CO.

(District Court, N. D. West Virginia. November 21, 1919.)

No. 890.

MASTER AND SERVANT ⟨⟩=88 (1)—SECURING EMPLOYMENT BY FRAUD DEFEATS RECOVERY FOR INJURY.

In an action by a brakeman for personal injury, a plea alleging that plaintiff, being over the age prescribed, and also unable to pass the physical examination required by defendant's rules, procured another, who

⟨⟩=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

was competent to make application and take the examination, and by means of the certificate so obtained fraudulently secured the position, *held* good on motion to strike.

At Law. Action by Thomas J. Stafford against the Baltimore & Ohio Railroad Company. On motion to strike out defendant's special plea No. 1. Denied, and case dismissed on motion of plaintiff.

Reese Blizzard, C. M. Hanna, and R. E. Bills, all of Parkersburg, W. Va., for plaintiff.

B. M. Ambler and J. W. Vandervort, both of Parkersburg, W. Va., for defendant.

DAYTON, District Judge. This plea presents such an extraordinary statement of facts as to render the legal questions involved in the motion to strike it out extremely perplexing. It, in brief, says: The defendant company had certain established rules governing employment by it of men in the capacity of brakemen. They had to be within a certain age. They had to appear before its medical examiner and undergo a physical examination, which would show them to be of such physique and in such condition of health as to fit them, in the judgment of such examiner and the employing officers of the company, to properly perform the important and dangerous duties of brakemen in its service. No one could secure this service without coming within the rules laid down for such physical examination. That plaintiff, knowing these rules, being over the required age and physically unable to pass the required medical examination, secured one Reardon, a man within the required age and physically fit, to assume his (Stafford's) name and be examined, and under Stafford's name to secure such certificate or report from the medical examiner and enabled Stafford, upon securing it from Reardon and presenting it to the company's employing officer, to secure the employment of brakeman, in which employment, so fraudulently obtained, he was injured.

In this suit, brought by him, the question immediately arises: (a) What relation became established by reason of Stafford's fraud on the one part and the railroad's acceptance of his service on the other? Is Stafford to be considered, under the circumstances, a servant of the company, or as a licensee or a trespasser? In a note to Bist v. London & Southwestern Ry. Co., 8 Ann. Cas. 1, more than 250 cases from England, Canada, United States Federal, and 35 states are cited in support of the general rule:

"That a servant accepting employment with knowledge of the master's rules or regulations is under obligations to conform fully to such rules or regulations so long as they are really maintained in force, and that by a failure or refusal to observe such rules or regulations he takes upon himself the risk of the consequences of his disobedience, and is, as a matter of law, guilty of negligence which defeats his right to hold the master liable for an injury *to which such negligence contributes as a proximate cause.*"

I have not undertaken to examine *all* of these cases, but have examined a large number of them. In a very recent case, decided May 19, 1919, No. 241, October Term, 1918, Donatto Fillippon, Petitioner, v. Albion Vein Slate Co., 250 U. S. 76, 39 Sup. Ct. 435, 63 L. Ed. 853, on

writ of certiorari to the United States Circuit Court of Appeals for the Third Circuit, a negligence case against an employer by its employé for injury sustained, the Supreme Court says "the case was governed by the law of Pennsylvania, where the injury was received and the trial took place," under Rev. Stat. § 721 (Barnes' Fed. Code, § 1282 [Comp. St. § 1538]), and cites Pennsylvania decisions as controlling.

I find no case in which the Supreme Court of Appeals of West Virginia has established the rule of law to govern the exact question in point here. I do find that in the recent case of Blagg v. Baltimore & Ohio R. Co. (W. Va.) 98 S. E. 526, the Supreme Court of Appeals of this state, in determining the status of one, not an employé, who used a walkway over its tracks accustomed to be used by its employés, and was killed by a passing locomotive, to be that of a mere licensee, entitled to no higher duty on the part of the company than due to a trespasser, cites favorably the case of Norfolk & Western Ry. Co. v. Bondurant, 107 Va. 515, 59 S. E. 1091, 15 L. R. A. (N. S.) 443, 122 Am. St. Rep. 867. In this Virginia case it was held that a minor, who, by misrepresenting his age, obtained employment from a railroad company as student fireman, is entitled only to the degree of care due to trespassers, or at most bare licensees, although his infancy in no way contributed to his injury. The court there held the all-controlling question to be what the relation of the injured party was to the railroad, and such relation, having been shown to have been established by reason of the injured party's fraudulent representations, was held void so far as his right to claim damages as an employé.

Much the same question arose in Kirkham v. Wheeler-Osgood Co., 39 Wash. 415, 81 Pac. 869, 4 Ann. Cas. 532. In that case recovery was upheld in a case where a boy under 14 had contracted to work in a sash factory, contrary to the law of the state forbidding such employment; he having represented himself to be 14 when he was in fact but 12 years of age. The court justified the recovery solely on the ground that the plaintiff was an infant at the time he contracted to work; "that infants are liable for torts—that is, for pure torts, such as injuries to person or property. On the other hand, by the great weight of authority, infants are not liable for torts connected with or growing out of contracts and the doctrine of estoppel in pais does not apply to them." The strong impression arises from an examination of this decision that it designs to hold that, while the infant, making the contract of employment, by reason of his infancy is not estopped, a man of mature age would be by reason of his fraud or misrepresentations in securing the contract of employment. In McDermott v. Iowa Falls & S. C. Ry. Co. (Iowa) 47 N. W. 1037, the Supreme Court of Iowa takes a different view of the matter when it says:

"An instruction directed the jury, in effect, that if the defendant was misled by the deceased as to his age, and induced to believe he was not a minor, the fact should be considered by the jury, and, if deceased's age led to the injury, plaintiff cannot recover. The instruction is right. If no injury resulted from the deception practiced upon defendant, it cannot complain."

This ruling is in direct conflict with the Virginia Bondurant Case and the other cases cited therein, in that it makes the cause of injury

and not the status of the injured person the fundamental and crucial test, and to a degree is in conflict with the principle, as also is the Kirkham (Washington) Case, laid down by our state Supreme Court of Appeals in Williamson v. Jones, 43 W. Va. 562, 27 S. E. 411, 38 L. R. A. 694, 64 Am. St. Rep. 891, where it was held:

"An infant of years of discretion, by intentional fraudulent conduct, will be barred, under the doctrine of estoppel *in pais*, from asserting her title to either real or personal property against one misled thereby."

The Court of Appeals of New York, in Hart v. N. Y. Cent. & H. R. R. Co., 205 N. Y. 317, 98 N. E. 493, takes the extreme opposite view when it says:

"Notwithstanding that the deceased, by his misrepresentation, evaded the rule of the defendant forbidding the employment of minors, he was actually in its service, and therefore was entitled to the protection of an employé accorded by the law."

Further consideration of this question of a minor's misrepresentation of his age will be found in notes to Braasch v. Michigan Stove Co., 20 L. R. A. (N. S.) 500, and Lupher v. Atchison, T. & S. F. R. Co., 25 L. R. A. (N. S.) 707.

Another line of cases establishes, with less confusion and conflict, the principle that one who voluntarily assumes to act as servant for another cannot recover for personal injuries as if he were in fact such servant, and one who, having no interest in the work, voluntarily assists the servant of another, cannot recover from the master for an injury caused by the negligence of such servant, because he cannot impose a higher duty on the master than a hired servant could impose. See 26 Cyc. 1287; Langan v. Tyler, 114 Fed. 716, 51 C. C. A. 503 (2d Circuit); Everhart v. Railroad Co., 78 Ind. 292, 41 Am. Rep. 567; Church v. Railroad Co., 16 L. R. A. 861; and others cited by counsel for defendant in their brief.

A very interesting case is that of Rhodes v. Railroad Co., 84 Ga. 320, 10 S. E. 922, 20 Am. St. Rep. 362, which makes a minor's right to recover as a volunteer dependent upon his capacity to protect himself with the presumption arising that if under 10 years of age he did not have such capacity, and if over 14 he does have it. The case further holds that—

"To constitute a servant, there must be some contract, or some act on the part of the master, which recognizes the person as a servant."

This principle, if upheld, may be important in the solution of the question here, for that it may be shown under the plea here that a contract was made in fact with Reardon, who took the examination, met the company's rules and requirements, and who by reason thereof alone was contracted with to enter into the condition of servant with the company; that, on the other hand, no contract of employment was in fact consummated with Stafford, but he in fact was a volunteer of full age and mental capacity to contract, but not physically qualified to be accepted and contracted with. In such view, a number of questions, such as consent to the substitution, for example, might arise on trial

that could not be determined in advance on this motion to reject the plea.

But, when it is all said, the conclusion is inevitable that all the authorities that I can find are more or less irrelevant; that the question is one of first impression, that of a man over (not under) age, and charged to be physically incompetent under the rules of the company, securing by the fraudulent personation of another a service of danger and responsibility, and, notwithstanding his fraud and deceit, seeking to hold the defrauded company responsible for an injury sustained by him in a place where he had no legal or other right to be. Had he not committed the fraud on the company, he would not have been injured. The force of the reasoning in the Virginia and other cases cited by it, to the effect that he can secure no benefit by reason of his fraud, grows stronger against his claim than in the case of a minor, for whose protection the law specially provides.

The force of the moral side of the question bears strongly, too, in the same direction. Railroad brakemen fill very responsible place in railroad operation. Not only the corporation, but the public also, are vitally interested in his physical and other ability to protect both lives and property from destruction. Without further discussion, it seems to me clear, whatever principle may be applied, that it cannot be here relied on to the extent of rejecting this plea offhand, and forbidding the matters set up in it, if proven, from becoming pertinent to the issues to be determined on the trial.

The motion to reject the plea will be overruled.

NOTE.—At the January term, 1920, of court, following the filing of this opinion, on motion of the plaintiff, and at his costs, this case was dismissed.