William Powers, Appellant, v. Michigan Central Railroad Company, Appellee.

Gen. No. 36,165.

Heard in the first division of this court for the first district at the October term, 1932. Opinion filed December 29, 1932. Rehearing denied and opinion slightly modified January 13, 1933.

JOHN G. RIORDAN, for appellant.

WINSTON, STRAWN & SHAW, for appellee; SILAS H. STRAWN, CHARLES J. McFADDEN, and GEORGE B. CHRISTENSEN, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

On the night of September 3, 1930, plaintiff, a switchman for defendant, was caught and crushed between the freight car on which he was riding and another car standing on a parallel track. He brought

suit under the Federal Employers' Liability Act, Cahill's St. ch. 114, ¶ 321 *et seq.,* charging that defendant was using a car of unusual width on the parallel track, which caused the accident; also, that this latter car was defective and leaning from the perpendicular, and that the parallel tracks were unusually close together. Defendant filed a plea of the general issue and also a plea of nonownership.

Upon the trial it developed that plaintiff made certain untrue answers in a questionnaire which defendant required the applicant for employment to sign. At the conclusion of plaintiff's case, upon defendant's motion the court peremptorily instructed the jury to find for the defendant, basing this upon the decision in the case of *Minneapolis, St. P. & S. S. M. Ry. Co. v. Rock,* 279 U. S. 410, and also *Ward v. Elgin, J. & E. Ry. Co.,* 259 Ill. App. 672 (Abst.). In both these cases, and in others to which we may later refer, it was held that the misrepresentations of the applicant for employment amounted to such a deception of the employer as to remove the employee, in case of injury, from the right to maintain an action under the Federal Employers' Liability Act; that employment obtained through such fraudulent means did not make the plaintiff an employee within the meaning of the act.

Do the admitted misrepresentations in the instant case call for the application of the rule stated in the above cases? The first misrepresentation was with reference to the age of plaintiff. In the application questionnaire he stated that he was born October 27, 1885, when in fact he was born October 27, 1872. The application was made in July, 1924, at which time he was in fact 52 years of age, but according to his application his age was 39 years. He testified that he made this misstatement because the yardmaster told him that defendant had an age limit for employees of 40 years. Another misrepresentation was the conceal-

ment of his former employment by the Belt Railway Company of Chicago. Plaintiff had been a switchman, brakeman and yardman for various railroads for about 40 years, covering practically all his working life. He testified as to minor injuries received during this time, but he had recovered from them. In 1924, while working for the Belt Railway Company, the bone was chipped in his left kneecap, from which injury he testified he had recovered. He employed an attorney to present his claim against the Belt Railway for this injury, and it was finally settled by the payment of $3,000. This was the only case he had ever turned over to an attorney. He stated in his application that he had never had any litigation against any railroad, and justifies this by saying that his claim against the Belt Railway had been settled out of court and he knew nothing about any suit brought by his attorney. The application also inquired as to where he had been employed for the last five years, and he answered that he had been employed from July, 1920, to 1924, as clerk for the Fitzpatrick Storage and Moving Company. Upon the trial he admitted that he had never worked for this company but had during all this period worked for the Belt Railway, and that the answer in the application was false. Fitzpatrick of the storage company was a friend and plaintiff asked him to answer the inquiry if the defendant should ask as to his employment with the storage company. Plaintiff admits the misrepresentation as to his employment, but says that he was afraid the defendant company would not hire him because he had turned his claim against the Belt Railway over to a lawyer. Plaintiff was accepted by defendant as an employee, commenced work in July, 1924, and worked there continuously up to September 3, 1930, the date of the accident.

Plaintiff asserts in this court that in the absence of a special plea defendant may not aver fraud as a defense. We are not in accord with this, in this case.

Whether plaintiff was an employee, entitled to the benefit of the Federal Employers' Liability Act, Cahill's St. ch. 114, ¶ 321 *et seq.*, was properly put in issue by plaintiff's declaration alleging such employment, and the plea of general issue. *Wagner v. Chicago & Alton R. Co.*, 265 Ill. 245. Furthermore, the case was tried upon the theory that the issue of fraud was properly raised, and no objections were made to the evidence on that subject. Plaintiff acquiesced in this and cannot now be heard to assign error on this point. *Geo. J. Cooke Co. v. Burke,* 148 Ill. App. 155, and many other cases.

There are many well considered cases holding that a misrepresentation as to age of the applicant for employment is not such a misrepresentation as would deprive the employee of the benefit of the Federal Employers' Liability Act. In *Lupher v. Atchison, T. & S. F. Ry. Co.*, 81 Kan. 585, the court held that even if there was a false statement of an employee as to age, he does not thereby cease to be an employee. The contract of employment may be procured by false representations, "but having obtained it he begins the performance of service for the benefit of the company and renders it an equivalent for all that he receives from it." To the same effect is the opinion in *Hart v. New York C. & H. R. Co.*, 205 N. Y. 317, where it was said that the misrepresentation as to age affected the contract of employment in the sense that it made it voidable, "but it did not affect the relation of master and servant with respect to the former's obligation under the statute respecting the safety of persons serving it." To the same effect are *St. Louis & S. F. R. Co. v. Brantley,* 168 Ala. 579; *Matlock v. Williamsville, G. & St. L. Ry. Co.*, 198 Mo. 495; *Lake Shore & M. S. Ry. Co. v. Baldwin,* 19 Ohio Cir. Ct. 338; *Denver & R. G. R. Co. v. Reiter,* 47 Colo. 417; *McDermott v. Iowa Falls & S. C. Ry. Co.* (Ia.), 47 N. W. 1037. The most recent case in point is *Minneapolis, St. P. & S. S. M.*

*R. Co. v. Borum,* 286 U. S. 447, 52 Sup. Ct. 612, to which we shall again refer.

The principal case relied upon by defendant as sustaining its position is *Minneapolis, St. P. & S. S. M. Ry. Co. v. Rock,* 279 U. S. 410 (above cited) which reversed this Appellate Court, opinion in 247 Ill. App. 600. The decision of the Supreme Court in the *Rock* case was followed by a division of this court in *Ward v. Elgin, J. & E. Ry. Co.,* 259 Ill. App. 672 (Abst.). The *Rock* case involved an unusual state of facts. Joe Rock had applied for employment and after a physical examination was rejected as suffering from serious ailments; he then applied for a position under the name of John Rock, which second application was not in his handwriting nor signed by him; he procured a substitute to represent himself as John Rock to take the physical examination; the substitute passed the examination but Joe Rock took the position. He was subsequently injured and brought suit under the Federal Employers' Liability Act. The United States Supreme Court characterized him as an "impostor" who deceived the railroad as to his identity, and that therefore he "was not of right its employee within the meaning of the Act"; that his continuing employment was "in the nature of a cheat" and that "the misrepresentation and injury may not be regarded as unrelated contemporary facts." We read the opinion in this case as based upon the fact that the railroad had denied plaintiff employment, but he had fraudulently obtained employment by posing and pretending that he was an applicant who had been accepted. In the instant case plaintiff used his own proper name and made out and signed in his own handwriting the application for employment; he was accepted and was never rejected; he did not change his name or apply for employment under an assumed name, and did not have a third person impersonate him before defendant's medical examiner.

The *Ward* case (cited above) in this court cannot readily be distinguished from the case under consideration. We think the opinion in that case extended the effect of the *Rock* case further than we should go. We are supported in this view by the more recent case of *Minneapolis, St. P. & S. S. M. R. Co. v. Borum,* 286 U. S. 447, 52 Sup. Ct. 612. The writer of the opinion in the *Borum* case wrote the opinion in the *Rock* case. In the *Borum* case the plaintiff in his application for employment falsely stated that he was 38 years old when he was in fact 49 years old; he understood that the road had a rule against accepting men over 45 years of age for work in its train service. The court held that the railroad company could not have regarded the difference between the applicant's actual age and that stated in his application as having any material bearing upon the physical condition it required; that the employee's physical condition was not shown to be such as to make his employment inconsistent with the railroad's reasonable rules for selecting fit employees. The opinion points out the difference between that case and the *Rock* case and held that the facts found in the former case were not sufficient to bring it within the rule applied in the *Rock* case.

As to the misrepresentation as to his employment by the Belt Railroad, plaintiff says he did not conceal this employment on account of the injury received but because he feared that defendant would refuse to employ him if it learned that plaintiff had employed a lawyer to prosecute his claim against the Belt Company. Defendant argues that because of this misrepresentation the contractual relationship of employer and employee was never created between the parties. We cannot see that the concealment of the fact that plaintiff had employed a lawyer to prosecute a claim against a former employer could have had any connection with or relation to plaintiff's future duties

or the injuries he received. There is no evidence that there was any attempt to deceive defendant's medical examiner as to the injury to the knee. While plaintiff may have apprehended that a truthful disclosure of a former claim through an attorney might have prevented his employment by defendant, yet there is no evidence that it would have done so. It might be remarked that the justice of plaintiff's claim against the Belt Railroad is indicated by the settlement out of court.

In addition to the cases above cited are other decisions involving the question of former employment. In *Louisville & N. R. Co. v. Lewis,* 218 Ky. 197, 291 S. W. 401, the applicant misrepresented his employment for a prior period and concealed the fact that he had commenced a suit against a former railroad employer. The court, after considering a number of cases supporting the railroad defendant's view, held that the false statement of the applicant as to his former employment did not bar recovery for injuries not sustained in such former employment. In *Payne v. Daugherty,* 283 Fed. 353, it was again asserted that an employer may be held liable to an employee, notwithstanding the false inducement to the contract of employment. In *Baker v. Beattie* (Tex. Civ. App.), 222 S. W. 658, the plaintiff had untruthfully stated in his application for employment as switchman that he had never been injured and had never had a suit against any railroad. It was contended that because these statements were false the contract of employment was void, hence the relation of master and servant did not exist. The court held that the contract of employment existed at the time of plaintiff's injury, and that until the contract had actually been terminated on the ground of the alleged fraudulent statements, the relation of master and servant would legally continue to exist. *Galveston, H. & S. A. R. Co.*

*v. Harris,* 48 Tex. Civ. App. 434, seems to be precisely in point. There the applicant had falsely stated that he had never had any litigation with any railroad company. It was held that this did not destroy the contract of employment and exempt the employer from liability for negligence toward the employee. See also *Kansas City, M. & O. Ry. Co. v. Estes* (Tex. Com. App.), 228 S. W. 1087.

*Kenny v. Union Ry. Co. of New York City,* 152 N. Y. S. 117, and *Qualls v. Atchison, T. & S. F. Ry. Co.,* 112 Cal. App. 7. In the latter case the applicant had falsely stated that he had been working on his brother's farm, when in fact he was working as a brakeman for another railroad, and explained that he made this misstatement because he feared that if it were known that an applicant for a position with a railroad company had been out on a strike he might not get a job; it was held that this misrepresentation was upon an immaterial matter and did not bar his right to recover.

We have noted the cases in other jurisdictions which follow the decision in the *Rock* case, but we are not in accord with them. They apparently adopt what seems to us an extreme position, namely, that any fraudulent representation made in an application, whether material or otherwise, would be a good defense to a suit to recover compensation for personal injuries against the railroad.

Defendant asserts that plaintiff assumed the risks incident to the employment. The accident happened at night in the yards of the defendant railroad. The plaintiff was standing on the side ladder of a freight car moving slowly northward, with his body right up against the car on which he was riding, and passing other cars on the east on a parallel track; there was a clearance between plaintiff and the first car on the

parallel track of 6 to 8 inches; the south end of the second car caught him in the back and crushed him against the car on which he was riding. An experienced witness testified that the second car on the parallel track was the widest he had ever seen; that he had never before seen a car on these tracks so wide that it would not clear a man riding past on the adjoining parallel track.

An employee assumes such ordinary and usual risks incident to his employment as are open and with which he is familiar. In the instant case the accident happened at night; plaintiff says it was too dark to observe closely the car on the parallel track, and the evidence tended to show that this car was of an unusual width. We cannot say as a matter of law that plaintiff assumed the risk; this was for the jury to decide. *Kanawha & Michigan Ry. Co. v. Kerse*, 239 U. S. 576; *Brant v. Chicago & Alton R. Co.*, 294 Ill. 606, and many other cases.

For the reasons indicated we hold that the motion of defendant for a peremptory instruction should have been denied and that the evidence should have been submitted to the jury.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*

MATCHETT and O'CONNOR, JJ., concur.