# APRIL, 1934

T. A. DAWSON V. TEXAS & PACIFIC RAILWAY COMPANY.

No. 6226.   Decided April 4, 1934.
(70 S. W., 2d Series, 392.)

*Jones & Jones*, of Marshall, for plaintiff in error.

The false representations or concealment relied upon by

the railway company, insofar as they were established by the undisputed evidence, did not show or even indicate that they related to matters affecting the plaintiff's ability to discharge the duties required by the employment he sought. Neither did such false representations made by the plaintiff in this instance bar his right to recovery under the Federal Employers' Liability Law; especially in view of the fact that the railway company had a rule by which it could not discharge the plaintiff after the expiration of sixty days from the date of his application, except for offenses committed by him after he was employed; and in view of the fact that it permitted him to work as a regular employee for more than twelve years, during which time his duties were satisfactorily discharged. St. Paul, etc. Ry. Co. v. Borum, 286 U. S., 447, 76 Law Ed., 1218; Lupher v. Atchison, T. & S. F. Ry. Co., 81 Kansas, 585, 25 L. R. A. (N. S.) 707; Matlock v. Williamsville G. & St. Louis Ry. Co., 198 Mo., 495, 95 S. W., 849; Payne v. Daugherty, 283 Fed., 353; Baker v. Beattie, 222 S. W., 658; Kansas City, M. & O. Ry. Co. v. Estes, 203 S. W., 1155.

*Bibb & Bibb,* of Marshall, *Bramlette & Meredith,* of Longview, *T. D. Gresham* and *R. S. Shapard,* both of Dallas, for defendant in error.

The undisputed evidence showing that the plaintiff procured and retained his employment by fraud, and that at the time of his injury both plaintiff and defendant were engaged in interstate commerce, the Federal Employers' Liability Act governs and controls plaintiff's right of recovery, and under said Act the plaintiff was not entitled to recover. Minneapolis Ry. Co. v. Rock, 279 U. S., 410, 73 L. Ed., 766; Ft. Worth & Denver City Ry. Co. v. Griffith, 27 S. W. (2d) 351 (writ of error refused); Chesapeake & O. Ry. Co. v. Stapleton, 279 U. S., 587, 73 L. Ed., 861.

MR. JUSTICE PIERSON delivered the opinion of the court.

T. A. Dawson brought this suit against the Texas & Pacific Railway Company under the Federal Employers' Liability Act for damages for injuries received while employed by the Railway Company as a switchman in its yards at Longview. He alleged that his injuries were caused by a handhold or "grabiron" on one of the Company's box cars giving way and causing him to fall from near the top of said car. In answer to proper questions, the jury found the following facts: Dawson's injuries were caused by a broken handhold, as alleged; the defendant was guilty of negligence in using a car with a

broken handhold at the time of the accident, and which negligence was the proximate cause of Dawson's injuries; Dawson sustained damages in the sum of $2625; Dawson's condition at the time of the trial was not due to an injury he received on the Texas Midland Railroad in 1910; at the time of Dawson's employment by the Texas & Pacific Railway Company in 1917 he was in no way diseased or physically unfit to perform the duties required of him under his employment on account of injuries sustained by him in 1910 while in the employ of the Texas Midland Railroad Company.

The following facts also were developed on the trial: In his answers to a questionnaire, in his application for employment by the Texas & Pacific Railway Company, Dawson failed to disclose that he had in 1910 worked for the Texas Midland Railroad Company, and in answer to questions denied that he had ever sustained an injury while employed by a railroad company, or had ever filed suit for damages against a railroad company. It was admitted that these answers were false, and that in 1910, while working for the Texas Midland Railroad Company, Dawson had received an injury, had sued the railroad company for damages, and had recovered a judgment in the sum of $3000 against said railroad company. It was further developed that he had entirely recovered from said injury, and at the time he was employed by the Texas & Pacific Railway Company in 1917 he was in every way physically and mentally fit to discharge the duties required of him in his employment.

Upon motion of defendant in error, Texas & Pacific Railway Company, the District Court entered judgment in its favor on account of the false statements in Dawson's application. This judgment was affirmed by the Court of Civil Appeals for the Sixth Supreme Judicial District at Texarkana. The District Court and the Court of Civil Appeals sustained the judgment for the Railway Company on the ground that Dawson had secured his employment with said Company by said above mentioned misrepresentation of facts.

Plaintiff in error contends that defendant in error cannot make use of the above mentioned misrepresentation of facts, to-wit: that Dawson falsely stated in his application for employment that he had never been injured before while working for a railroad; that he had never sued a railroad company for damages; and that he failed to state that he had formerly worked for the Texas Midland Railroad Company,—because defendant in error made no showing that it did not have knowledge of these facts, or that it was deceived by such false state-

ments, or that it would not have employed him anyway,—and, further, because it had a rule that after 60 days from the date of application it could not discharge an employee except for cause arising in the service. It is unnecessary to notice these contentions, as we are deciding the case on other and more fundamental grounds, which are also urged by plaintiff in error.

The Honorable Court of Civil Appeals in affirming the judgment of the District Court in favor of defendant in error held that, inasmuch as the facts conclusively established that Dawson at the time of receiving his injuries was engaged in interstate commerce, the fact that he had made the above mentioned false statement of facts in his application for employment would bar him from a recovery under the Federal Employers' Liability Act, and cited the case of Minneapolis, etc. Ry. Co. v. Rock, 279 U. S., 410.

■ We cannot sustain the judgment of the Court of Civil Appeals or that of the District Court on the basis stated. It is clearly established as a fact, and is conclusively shown to be true, that at the time Dawson applied for employment to the Texas & Pacific Railway Company he was in every way physically fit to perform the duties of his employment, and had performed such duties for a period of twelve years in a satisfactory manner before his injury, and that there was no casual connection with his injury and the false statements in his application, and that his injury was in no way related to said false statements.

The fact that he concealed his employment by the Texas Midland Railroad Company, and concealed that he had been injured while in its service and had filed a suit against it, if seasonably applied might have been a ground for cancelling his contract of employment with defendant in error, but would be insufficient to render it void or to terminate the relation of master and servant. 39 Corpus Juris, p. 276, sec. 401. As such employee and while in the full discharge of his duties, he could not be deprived of the protection of the law or of his right to recover for unlawful or negligent injuries inflicted upon him.

It would be a hard ruling to say that because a person withholds a fact of the past which has no relation to his fitness for performing the duties of the employment he seeks, or to say that the misrepresentation of the existence of facts which likewise have no relation or bearing to such fitness, but go only to his desirability for employment, should put such a person outside the pale of protection from the negligence of the employer,

and deprive him of any and all rights of redress from the effects of such negligence.

This is not a new question in this jurisdiction. Furthermore the rule as here announced seems to have been generally approved and applied in the courts of the several States and by the Supreme Court of the United States.

In the case of Galveston, H. & S. A. Ry. Co. v. Harris, in 1908, 48 Texas Civ. App., 434, 107 S. W., 108, Associate Justice Fly of the Court of Civil Appeals at San Antonio clearly stated the legal and just rule in the following language:

"Appellee was the servant of appellant, no matter if he did obtain his position by reason of falsely stating that he had never had any litigation with any railway company. That falsehood did not of itself destroy the contract of employment and exempt appellant from any liability for its negligence towards him. It may have formed a just reason for the rescission of the contract of employment, but did not render his employment null and void. The relation of master and servant was established, and could not be rendered invalid in order to shield the master from the consequences of its negligence. There is no direct allegation in the answer that appellant would not have employed appellee had it known of the previous litigation, and, if there had been any merit in the plea otherwise, it was defective in that respect. The falsity of that answer had no connection with the disaster. * * * To have affected its liability, some connection between the injury and the false statements must have appeared."

This holding was approved by the Supreme Court, and a writ of error was denied.

In Kansas C., M. & O. Ry. Co. v. Estes, 203 S. W., 1155, Associate Justice Higgins of the Court of Civil Appeals at El Paso, on a similar contention, said:

"By the forty-seventh assignment it is claimed that the court erred in striking out defendants' trial amendment, setting up that plaintiff had procured employment by certain false and fraudulent statements contained in his application for employment. There was no error in this. Even if all of the facts were as claimed by defendant, it would not constitute a defense. Railway Co. v. Harris 48 Texas Civ. App., 434, 107 S. W., 108; Hart v. Railway Co., 205 N. Y., 317, 98 N. E., 493; Lupher v. Railway Co., 81 Kan., 585, 106 Pac., 284, 25 L. R. A. (N. S.) 707."

This case was affirmed by the Supreme Court in 228 S. W., 1087, (Com. App.), without discussion of this issue.

See, also, the opinion of Judge Levy, of the Court of Civil

Appeals for the Sixth Supreme Judicial District, in the case of Baker, Receiver, v. Beattie, 222 S. W., 658; Labatt on Master & Servant (2d ed.), Vol. 1, sec. 96a; see, also, the recent case of Qualls v. Atchison, T. & S. F. Ry. Co., 112 Cal. App., 7, 296 Pac., 645, in which Minneapolis, etc. Ry. Co. v. Rock is discussed; Borum v. Minneapolis, etc. Ry. Co., 184 Minn., 126; Jay Lupher v. Atchison, T. & S. F. Ry. Co., 81 Kan., 585, and cases cited; cases cited and discussed in the foot notes in 25 L. R. A. (N. S.), p. 708; 39 Corpus Juris, p. 276, sec. 401.

The conclusion reached by the Supreme Court of the United States in the Rock Case appeals to reason and justice. (279 U. S., 410.) Joe Rock made application for employment as a switchman in the yards of the Minneapolis, etc. Ry. Co. He underwent a physical examination at the hands of the Company's surgeon, and was found to be in exceedingly bad physical condition, and for that reason was rejected. He then applied *under another name, and secured another man,* who was well and strong, to stand the examination. He went to work under the assumed name, and was injured. The Supreme Court of the United States held that Joe Rock never became an employee of the Railway Company; that his gross fraud was a continuing one; that at no time was he entitled to the protection or benefits of the Federal Employers' Liability Act, and could not recover thereunder. It did not hold that where the applicant made a false statement about a matter disconnected from or not associated with his employment, and which was in nowise connected with the cause of his injury and not related to his fitness or his ability to discharge the duties required of him, he could not recover under the Federal Employers' Liability Act. That it did not intend to so hold we think is made reasonably clear in the opinion written by the same eminent jurist in the case of Minneapolis, etc. Ry. Co. v. Borum, 286 U. S., 447.

Dawson was an employee of defendant in error within the meaning of the Federal Employers' Liability Act at the time he was injured. It was conclusively shown that he was physically and mentally sound, thoroughly competent to perform the duties required of him by defendant in error, and had performed them acceptably for twelve years in its service, and was not in the least affected by the injury he had received nineteen years before.

We see no reason why the rule uniformly applied in this jurisdiction, and as we believe in all jurisdictions, should not be applied in this case. Plaintiff in error's motion for judgment in the sum of $2625.00, as found by the jury, should have been

granted by the District Court, and judgment entered for him in that amount. Therefore the judgments of the Court of Civil Appeals and of the District Court are reversed, and judgment is here rendered for plaintiff in error for the sum of $2625.00, with 6% interest from the date of judgment in the District Court.