**PETROLEUM CASUALTY COMPANY,**
Appellant,

v.

Quilla E. SMITH, Appellee.

No. 12794.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 17, 1954.

Rehearing Denied Dec. 15, 1954.

Felix A. Raymer, Walter Morgan, Houston, for appellant.

Gallagher, Francis, Bean, Wilson & Berry, Dallas, L. De Witt Hale, Corpus Christi, for appellee.

NORVELL, Justice.

This is a workman's compensation case. The insurance carrier, Petroleum Casualty Company, seeks to avoid payment of the award for total and permanent disability on the ground that appellee, Quilla E. Smith made a false representation in his application for employment with Humble Pipe Line Company.

In 1929, when Smith was sixteen years of age, he suffered what appellant describes as a minor accident which resulted in a serious injury to his back. He was incapacitated for a period of approximately six months. Some fifteen years later, in August, 1944, Smith made application for employment with the Humble Pipe Line Company. He was required to submit to a physical examination and answer a number of questions in writing. In the application he was required to list all injuries or operations he had theretofore undergone, giving the dates, durations and results. Smith answered, "none." On the 30th day of September, 1953, Smith suffered an injury to his back, which resulted in his becoming totally and permanently disabled, according to the jury's finding. The award for compensation was based upon this injury.

It is appellant's contention that had the Humble Pipe Line Company known of the 1929 injury to Smith's back, it would not have employed him because of the indication that he was subject to severe back injuries, resulting from comparatively minor accidents, and consequently Smith's failure to list the prior injuries sustained by him, in his application for employment, amounted to the making of a fraudulent representation which operated as a bar to a recovery under the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq.

With this contention we cannot agree. It is conceded that on September 30, 1953, when Smith was injured, he was an employee of the Humble Pipe Line Company. That fact was decisive of the case. The insurance companies writing workmen's compensation insurance are not at liberty to select their risks. When the Humble Pipe Line Company contracted with Petroleum Casualty Company to insure its workmen under the Workmen's Compensation Act, the insurance carrier became bound and liable to pay all sums of money which might become due to any employee of the Humble Pipe Line Company under the terms and provisions of said act. That act does not provide that before a person can become an employee he must have answered truthfully any and all questions which may be asked him by the prospective employer. Nor does it provide that incorrect answers or statements in an application for employment shall avoid the insurance coverage. The right to workmen's compensation is statutory, and cannot be abridged by private agreements or special applications for employment. If it should be considered that the contract of employment between the Humble Pipe Line Company and Smith was voidable at the instance of the employer by reason of the representation made in the application for employment, this would not relieve the insurance carrier of responsibility under its contract. For a person employed under a voidable contract of employment is, nevertheless, an employee within the meaning of the act. It is only when the contract of employment is wholly void that the terms of the act do not apply. Texas Employers' Ins. Ass'n v. Tabor, Tex.Com. App., 283 S.W. 779.

This case is submitted as one of first impression in the State and although no cases directly in point have been cited by the parties nor discovered by us, the following persuasively point to an affirmance of the trial court's judgment. Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084; Dawson v. Texas & Pacific R. Co., 123 Tex. 191, 70 S.W.2d 392; Southern Casualty Co. v. Morgan, Tex.Com.App., 12 S.W.2d 200; Texas Employers' Ins. Ass'n v. United States Torpedo Co., Tex.Com.App., 26 S.W.2d 1057; Harris v. Traders & General Ins. Co., Tex. Civ.App., 82 S.W.2d 750, wr. ref.; Federal Underwriters Exchange v. Walker, Tex. Civ.App., 134 S.W.2d 388.

The judgment of the trial court is affirmed.